# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4193

_____

United States of America,          *
                                   *
        Appellee,                  *
                                   *
v.                                 *
                                   *
Cesar Sanchez,                     *
                                   *
        Appellant.                 *

_____

No. 07-1046                        Appeals from the United States
                                   District Court for the
_____                        Northern District of Iowa.

United States of America,          *
                                   *
        Appellee,                  *
                                   *
v.                                 *
                                   *
Gustav Lopez Naranjo,              *
                                   *
        Appellant.                 *

_____

Submitted: September 24, 2007
        Filed: November 29, 2007 (Corrected 12/7/2007)

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Gustavo Naranjo and Cesar Sanchez appeal their sentences following their guilty pleas to drug charges. Naranjo pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute 500 grams or more of a mixture containing methamphetamine and 50 grams or more of actual methamphetamine. Naranjo contends that the government breached the plea agreement by stating Naranjo would lose his acceptance of responsibility reduction if he contested facts that he had stipulated to in his plea agreement. Sanchez pleaded guilty to possession with intent to distribute 50 grams or more of a mixture containing methamphetamine within 1,000 feet of a school. The district court[1] denied Sanchez's request for a downward variance and sentenced him to 87 months' imprisonment, the bottom of his advisory range. Sanchez appeals his sentence as unreasonable. We hold that the government did not breach Naranjo's plea agreement and that Sanchez's sentence is reasonable. Accordingly, we affirm both sentences.

## I. *Background*

Between September 2005 and January 2006, Naranjo conspired with others to distribute methamphetamine. Employing an undercover agent and a confidential informant, authorities apprehended the pair after Sanchez delivered a half pound of methamphetamine to the undercover agent, on behalf of Naranjo.

A grand jury indicted Naranjo in a seven-count drug-trafficking indictment that also charged Sanchez in two of the seven counts. Pursuant to a plea agreement, Naranjo pleaded guilty to Count 1, conspiracy to distribute 500 grams or more of a mixture containing methamphetamine and 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 846. Sanchez pleaded guilty to Count 5, possession with intent to distribute 50 grams or

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

more of a mixture containing methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), 860 and 18 U.S.C. § 2.

## A. *Naranjo's Plea Agreement*

Naranjo's plea agreement, which is the basis of his appeal, stated that the parties would litigate role-in-the-offense adjustments, pursuant to U.S.S.G. § 3B1.1. The plea agreement also stated that Naranjo qualified for a two-level downward adjustment based on acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). Further, the plea agreement specified that the government would be free to contest the adjustment should Naranjo cease to accept responsibility. In his plea agreement, Naranjo stipulated that he arranged for Sanchez to deliver methamphetamine to the undercover agent and that he arranged for another associate to deliver a half pound of methamphetamine to the undercover agent as well.

Notwithstanding his plea agreement stipulations, Naranjo later objected to the United States Probation Office's Presentence Investigation Report (PSR) containing these same facts. Naranjo also objected to the offense level computation in the PSR which recommended a three-level upward adjustment for his role in the offense. Naranjo minimized his role contending that he had only acted at the direction of others and was essentially a "mule." The Probation Officer noted the direct contradiction between Naranjo's objection and his express stipulations in his plea agreement, and commented that his objections may impact his acceptance of responsibility reduction.

Based upon Naranjo's objection, the government filed a sentencing memorandum warning that if Naranjo contested, at sentencing, the relevant conduct he had previously stipulated to in the plea agreement, then the United States would ask the court to deny the downward adjustment for acceptance of responsibility.

At Naranjo's sentencing hearing, the district court addressed Naranjo's objections to the PSR stating that it was aware Naranjo was "backing off of facts"

agreed to in the plea agreement. The court warned Naranjo that challenging the stipulated facts could jeopardize his receiving acceptance of responsibility. After asking Naranjo if he understood his plea multiple times, the district court discussed Naranjo's objections to the PSR. Naranjo then told the court that he wished to withdraw his objections to the PSR. Naranjo's lawyer requested a variance from the Guidelines range. The court denied the variance request and sentenced Naranjo consistent with the plea agreement to 235 months' imprisonment—the low end of the advisory Guidelines. Naranjo received the three-level reduction for acceptance of responsibility and Counts 2 through 7 of the indictment were dismissed. Naranjo filed a notice of appeal contending the government breached its plea agreement.

## B. *Sanchez's Sentence*

At his sentencing, Sanchez requested a downward variance of 27 months. The district court denied the variance. The PSR set Sanchez's advisory Guidelines sentencing range at 87 to 108 months' imprisonment based upon a total offense level of 29 with a category I criminal history. Before declining to vary, the district court stated that in arriving at a reasonable sentence it had considered all of the statutory factors in 18 U.S.C. § 3553(a). The court determined that the advisory Guidelines already took Sanchez's lack of criminal history into consideration and that neither his role as a mere deliverer of the drugs nor his work history (consisting of jobs obtained while in the United States illegally) were proper bases to vary. The district court sentenced Sanchez to 87 months, the bottom of his Guidelines range.

## II. *Discussion*

On appeal, Sanchez contends that he received an unreasonable sentence because he was not granted a downward variance. Naranjo argues that the government violated its plea agreement by threatening to deny his acceptance of responsibility sentencing reduction if he denied his role in the offense.

A. *Reasonableness of Sanchez's Sentence*

Sanchez argues that the district court abused its discretion when it imposed a sentence at the bottom of his undisputed advisory Guidelines range. Specifically, Sanchez argues that the district court erred in refusing his request for a variance based on his lack of criminal history, work history, role in the offense and anticipated deportation. Sanchez claims that the district court did not consider these factors which should have been given significant weight and should have resulted in a variance.

We review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Watson*, 480 F.3d 1175, 1176–77 (8th Cir. 2007). A sentence within the Guidelines range is presumptively reasonable. *Id.* at 1177. However, we review the sentence imposed for reasonableness under 18 U.S.C. § 3553(a), even if the sentence is within the Guidelines range. *Id.* Whether a sentence is reasonable in light of § 3553(a) is reviewed for abuse of discretion. *Id.* A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors. *Id.*

The record shows that the district court considered all of the § 3553(a) statutory factors. The district court noted that the Guidelines accounted for Sanchez's criminal history. Sanchez's (illegal) work history and role in the offense were also considered by the district court during the hearing. As the district court found, neither Sanchez's work history nor his role in the offense justified varying below the Guidelines range. The district court did not explicitly address deportation as a basis for variance, but the district court demonstrated awareness of Sanchez's illegal status in its discussion of Sanchez's supervised release and the illegality of his work history. Throughout the sentencing hearing the district court reiterated that it was considering all statutory factors whether they were specifically discussed or not.

The Supreme Court recently addressed a sentencing court's obligation to explain its decisions: "The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances," and the sentencing judge only needs to say enough to "satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, ___ U.S.___ 127 S. Ct. 2456, 2468 (2007). The record shows that the district court appropriately evaluated all relevant § 3553(a) factors giving no factor too little or too much weight. We hold that the sentence was not unreasonable and affirm.

### B. *Breach of Naranjo's Plea Agreement*

Naranjo contends that the government violated the plea agreement by threatening to deny him an adjustment for acceptance of responsibility if he challenged the facts that he had stipulated regarding his role in the offense. Naranjo contends that the plea agreement stated that the parties could litigate his role in the offense, and thus he was free to object to the PSR. On appeal, the government argues that Naranjo's claim is not reviewable because Naranjo expressly waived this argument at sentencing by accepting the stipulated facts. The government also argues that Naranjo failed to preserve this argument for appeal because he did not argue breach of the plea agreement below. However, we need not decide either question. On this record, we conclude that the government did not breach the plea agreement.

We review de novo issues pertaining to the interpretation and enforcement of a plea agreement. *United States v. Thompson*, 403 F.3d 1037, 1039 (8th Cir. 2005). Plea agreements are contractual in nature and should be interpreted according to general contract principles. *Id*. Due process may be violated if there is a breach of a promise that induced a guilty plea. *Id.*

The government does not breach a plea agreement by simply reiterating the terms of the plea agreement. *United States v. Vasquez*, 433 F.3d 666, 669 (8th Cir.

2006). *See* U.S.S.G. § 3E1.1, cmt. n.1(a) ("a defendant who . . . frivolously contests . . . relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."). In the government's sentencing memorandum it reiterated that "[i]f defendant frivolously contests relevant conduct at the time of his sentencing hearing, the United States will ask that the Court deny the downward adjustment for acceptance of responsibility." Naranjo had objected to facts in the PSR which were identical to facts that he had stipulated to in the plea agreement regarding his role in the offense. The government's reiteration did not amount to a breach of the agreement to litigate Naranjo's role in the offense but merely explained that he was bound by the plea agreement stipulations. The government recommended that Naranjo receive the three-level reduction for acceptance of responsibility, as it promised, and he received the benefit of his bargain. Therefore, we hold that the government did not breach the plea agreement.

### III. *Conclusion*

Based on the foregoing, we affirm the sentences of both Sanchez and Naranjo.

_____