# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2665

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Christopher M. Gaucin, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 11, 2008
Filed: March 20, 2008

_____

Before WOLLMAN, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Christopher M. Gaucin appeals from the sentence imposed by the District Court[1] upon Gaucin's conviction as a felon in possession of a firearm. We affirm.

On March 5, 2007, Gaucin pleaded guilty to a felon-in-possession charge. His presentence report (PSR) detailed a calculated Guidelines sentencing range of seventy-seven to ninety-six months in prison. In his written objections to the PSR and at his sentencing hearing on June 28, 2007, Gaucin asked the District Court to reduce

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

his criminal history points based on a pending Guidelines amendment that would change the definition of "related cases" for purposes of calculating criminal history. The court said it would not consider an amendment that would not be effective, if at all, until November 1, 2007. The District Court sentenced Gaucin at the low end of the Guidelines sentencing range to eighty months of imprisonment.

On appeal, Gaucin argues that his sentence is unreasonable. He contends that the proposed amendment to United States Sentencing Guidelines Manual § 4A1.2(a) was a factor carrying "significant weight" that the District Court was required to consider. See United States v. Sanchez, 508 F.3d 456, 459 (8th Cir. 2007). He asserts this to be true regardless of whether the pending amendment ever became effective because it reflected the Sentencing Commission's careful consideration of various viewpoints.[2] But absent an ex post facto problem, the District Court was obligated to apply the Guidelines in effect at the time of sentencing. United States v. Adams, 509 F.3d 929, 932 n.4 (8th Cir. 2007). Moreover, if the amendment were applied, it appears that Gaucin would not have been eligible for a reduction in criminal history points to the extent that he claims because at least some of the crimes at issue are not "related" even under § 4A1.2(a) as amended. Finally, the reduction in criminal history points that Gaucin seeks would not have been sufficient to change the criminal history category used to calculate his Guidelines sentence, so the Guidelines sentencing range would have been the same. We hold that Gaucin's sentence was reasonable and the District Court did not abuse its discretion in imposing it. See Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 594 (2007).

The judgment of the District Court is affirmed.

_____

_____

[2]The amendment to § 4A1.2(a) did become effective on November 1, 2007.

-2-