# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2283

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Hector Lopez, also known as D, | * | |
| also known as Felix Lopez, also | * | |
| known as Diablo, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 11, 2008
Filed: May 20, 2008

_____

Before RILEY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

Hector Lopez (Lopez) pled guilty to one count of conspiracy to distribute five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Before sentencing, Lopez and the government negotiated an agreement resulting in a stipulation signed by both parties. Lopez signed a stipulation stating, "defendant agrees that a sentence within the guidelines range of 360 months to life is reasonable and agrees not to seek a sentence outside of this guideline range." This stipulation was the product of negotiations between Lopez and the government in which "Lopez

agrees to withdraw his objections to the final presentence investigation report, with the exception of paragraph 40, which states that the defendant used or attempted to use a person less than 18 years of age in his offense. The government agrees not to pursue this two-level adjustment to the defendant's guideline range." Lopez also agreed "to withdraw any motion for variance or departure." The district court[1] sentenced Lopez to 600 months imprisonment. On appeal, Lopez contends the 600-month sentence was unreasonable when measured against the requirements of 18 U.S.C. § 3553(a).

"[A] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." United States v. Cook, 447 F.3d 1127, 1128 (8th Cir. 2006). Lopez signed a stipulation stating, "a sentence within the guidelines range of 360 months to life is reasonable." This stipulation was the product of counseled negotiations between Lopez and the government. Lopez explicitly and voluntarily exposed himself to a sentence in the range of 360 months to life and acknowledged any sentence in this range was reasonable. This stipulation was supported by consideration, given the government's agreement not to pursue the two-level adjustment for using a person under eighteen years of age. See United States v. Sanchez, 508 F.3d 456, 460 (8th Cir. 2008) ("Plea agreements are contractual in nature and should be interpreted according to general contract principles." (citation omitted)). Lopez does not raise any legal or equitable challenges to his negotiated stipulation. Consequently, Lopez may not now contest his 600-month sentence on appeal, a sentence falling within the agreed sentencing range. For the reasons stated, and finding no manifest injustice, we affirm.

_____

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.