# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3403

_____

United States,                       *

                                *

          Appellee,          *

                                *   Appeal from the United States

     v.                       *   District Court for the

                                *   District of Nebraska.

Bryan Dodds,                 *

                                *

          Appellant.         *

_____

Submitted:  May 13, 2008
Filed: July 3, 2008

_____

Before RILEY, BOWMAN, and HANSEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Bryan Dodds appeals from the thirty-month prison sentence imposed by the District Court[1] after he pleaded guilty to possessing child pornography, see 18 U.S.C. § 2252(a)(4)(B), and agreed to criminal forfeiture, see id. § 2253. Dodds argues (1) that the sentence was unreasonable because the District Court failed to adequately consider relevant sentencing factors and (2) that his due process rights were violated because the sentence was imposed after the government presented an inaccurate picture of relevant conduct. We affirm.

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

Dodds came to the attention of law enforcement personnel during an investigation of a website that offered subscribers access to images and videos of child pornography. The investigation revealed that on February 13, 2006, Dodds used his credit card to subscribe to the website. He canceled his membership and access to the website four days later. On August 17, 2006, police executed a search warrant and seized Dodds's computer. Approximately forty images involving the lascivious exhibition of the genital areas of minor females were found on the computer. Dodds was charged with possession of child pornography and pleaded guilty on May 16, 2007.

At a sentencing hearing held on October 10, 2007, the District Court calculated Dodds's sentencing guidelines range as thirty to thirty-seven months. Dodds moved the court to depart or vary from the guidelines range based on Dodds's unique "history and characteristics." Sentencing Tr. at 10. After hearing extensive argument on the motion, the court denied it and sentenced Dodds to thirty months' imprisonment.

Dodds's first argument on appeal is that the District Court abused its discretion when it imposed a sentence at the bottom of the undisputed advisory guidelines range. Specifically, Dodds asserts that the District Court erred in refusing to vary from the guidelines range based on "the mitigating historical and individual characteristics relevant to Dodds." Br. of Appellant at 11. In support of his argument, Dodds notes that he expressed genuine remorse for his conduct, his therapist opined that his risk of recidivism is low and that incarceration could be counter-therapeutic, he earned high grades in college courses during the prosecution of this case, he has a stable relationship with his wife and the support of family and friends, his past criminal history involved only minor traffic infractions, and a defendant in a case with remarkably similar facts was sentenced to twenty-four months' imprisonment. Dodds argues that the District Court did not adequately consider these factors, which should have been given significant weight and resulted in a variance. Dodds complains that

the court's alleged failure to consider these factors resulted in a sentence that is not reasonable.

We review the reasonableness of a sentence for abuse of discretion, considering the factors set forth in 18 U.S.C. § 3553(a). United States v. Sanchez, 508 F.3d 456, 459 (8th Cir. 2007). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Id. at 459–60. We apply a presumption of reasonableness to a sentence within the advisory guidelines range, and the burden is on Dodds to prove that his within-range sentence is unreasonable. See United States v. Otterson, 506 F.3d 1098, 1100 (8th Cir. 2007), cert. denied, ___ S. Ct. ___, 76 U.S.L.W. 3609 (U.S. May 12, 2008) (No. 07-10340).

Our review of the transcript of the sentencing hearing convinces us that the District Court carefully applied the § 3553(a) factors in arriving at Dodds's sentence. While Dodds "presents many factors showing that a different, lesser sentence would have been reasonable, he has failed to demonstrate that the sentence actually imposed was unreasonable." Id. Rather than "blind[ly] adher[ing] to the guidelines," as Dodds represents, Br. of Appellant at 16, the District Court recognized Dodds's arguments for a variance from the guidelines range and considered the § 3553(a) factors. Initially, we note that the District Court both identified its duty to consider the guidelines and acknowledged their advisory nature. See Sentencing Tr. at 36 ("So I don't back away from the guidelines, nor do I rigidly grasp them."). After calculating the guidelines sentencing range, see § 3553(a)(4)(A), the District Court went on to consider the other § 3553(a) factors to "make an individualized assessment based on the facts presented." Gall v. United States, 128 S. Ct. 586, 597 (2007).

First, addressing the need to avoid unwarranted sentencing disparities in similar cases, see 18 U.S.C. § 3553(a)(6), the court noted that the facts in every case are

"somewhat different from every other set of facts" and said that "the best I can do is look at the information I have in front of me" and try to impose a sentence similar to sentences imposed in other similar cases "knowing that all are different." Sentencing Tr. at 30. The court then discussed the specific "nature and circumstances" of Dodds's offense and the "history and characteristics" of Dodds. 18 U.S.C. § 3553(a)(1). The court found that Dodds's viewing of child pornography on the date stated in the indictment "was not a singular event." Sentencing Tr. at 31. Rather, the evidence indicated that Dodds had paid for membership to child pornography websites on a number of occasions over several years. Dodds also had informed his psychologist that he had a habit of compulsive pornography use and had used pornography for approximately the past ten years.[2] Dodds did not begin therapy for his use of child pornography until after he was charged in this case. The District Court next considered the risk that Dodds would commit a similar crime in the future. See 18 U.S.C. § 3553(a)(2)(B) & (C). The court stated that while Dodds's psychologist opined that Dodds had made progress in therapy and has a low risk of recidivism, "That doesn't eliminate risk. It means there is some risk but low in nature." Sentencing Tr. at 33–34. The court again recognized that Dodds had "yield[ed] to his pornographic desires . . . a good many times" in the past. Id. at 34. The District Court also considered Dodds's need for treatment. See 18 U.S.C. § 3553(a)(2)(D). The

_____

[2]Dodds argues in his reply brief that the District Court misconstrued the evidence as saying that Dodds had been using *child* pornography (as opposed to adult pornography) for a ten-year period. At one point during the sentencing hearing, the court stated that Dodds "had been doing *it* since he was 18 years old which . . . was about nine or ten years." Sentencing Tr. at 33 (emphasis added). Although the court did not specify whether "it" referred to child pornography or adult pornography, the court's statements surrounding this reference provide context and make clear that the court recognized that Dodds had used child pornography for several years and adult pornography for about ten years. We are convinced that the court had an accurate understanding of the facts underlying this case. It was not erroneous for the court to consider the complete history and characteristics of Dodds in determining a reasonable sentence. See 18 U.S.C. § 3553(a)(1).

court found that Dodds needed psychiatric or psychological treatment and he would be able to get that treatment while incarcerated. The court further found that it was necessary for Dodds to get such treatment so that the public might be protected from additional crimes by Dodds. See id. § 3553(a)(2)(C). Finally, the District Court considered the need for the sentence to promote respect for the law and provide just punishment for the offense. See id. § 3553(a)(2)(A). The court found that a sentence of probation would not be reasonable and that a sentence of thirty months' imprisonment was necessary to reflect that "yielding to possessing pornographic material of children" was "serious business" because of the effect on the children involved. Sentencing Tr. at 36.

The District Court's explanation for Dodds's sentence was rational and exceptionally thorough. Dodds's assertion that the District Court blindly applied the sentencing guidelines is belied by the record; the court considered all the relevant factors and gave them appropriate weight. Although the District Court did not comment on every reason adduced by Dodds for a lower sentence, it was not obliged to do so. See United States v. Fadl, 498 F.3d 862, 868 n.4 (8th Cir. 2007), cert. denied, 128 S. Ct. 1318 (2008). Dodds's sentence within the guidelines range is not unreasonable.

Dodds's second argument on appeal is that the government made inaccurate statements at the sentencing hearing about Dodds's relevant conduct and "[t]o the extent that the court relied on those statements, a procedural due process flaw was injected into the sentencing process." Br. of Appellant at 19. Dodds contends that the government informed the District Court that in addition to the images making up the charged conduct, images of children engaged in sexual activity were found on the "unsaved" portion of Dodds's computer hard drive. Dodds asserts that this representation is inconsistent with the information in the presentence report and with the government's earlier comments at the change of plea hearing that "the images that were involved in this case all involved lascivious exhibition of the genital area that did

not involve other definitions of child pornography." Change of Plea Hearing Tr. at 18.

Assuming, without deciding, that the government's statements about the additional images were inaccurate, we find absolutely no indication that the District Court relied on those statements in sentencing Dodds. The government made the reference to images of children engaged in sexual activity while comparing Dodds's case and another case in which the defendant received a below-guidelines sentence. Dodds's attorney, however, stated that the two cases were similar because *neither* involved images of children engaging in sexual behavior. Then, in further argument for a variance from the guidelines range, Dodds's attorney informed the court that with the assistance of the government, he had viewed the images on Dodds's computer hard drive and none of the images involved depictions of sexual activity. The District Court neither asked the attorneys to clarify what type of images were on Dodds's hard drive nor gave any indication that the court was considering this uncharged conduct in determining a reasonable sentence. Indeed, in the court's consideration of the nature and circumstances of the offense, the court simply stated that investigators "discovered images of a lascivious nature" on Dodds's computer. Sentencing Tr. at 32. The District Court made no reference at any point during sentencing to the alleged images depicting sexual activity. Dodds's due process argument is unsupported and therefore fails.

We affirm the judgment of the District Court.

_____