# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 09-3253

───────────

United States of America,

Appellee,

v.

Craig Arthur Schmacker,

Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Southern District of Iowa.
\*
\* [UNPUBLISHED]
\*

───────────

Submitted: June 2, 2010
Filed: June 7, 2010

───────────

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

───────────

PER CURIAM.

Pursuant to a written plea agreement containing a waiver of his right to appeal, Craig Schmacker pleaded guilty to unlawfully distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). The district court[1] sentenced Schmacker to 188 months in prison and 10 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sentence on various grounds, and arguing that the appeal waiver should be set aside because the government violated the plea

───────────

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

agreement by agreeing with the presentence report that Schmacker should receive an enhancement under U.S.S.G. § 2G2.2(b)(3)(E).

In the plea agreement, Schmacker waived his right to appeal all issues related to his plea agreement, his conviction, and his sentence, as long as the sentence was within the maximum statutory penalties. The maximum prison term for Schmacker's offense is 240 months. See 18 U.S.C. § 2252(b)(1). We will enforce the appeal waiver in this case, because the appeal falls within the scope of the waiver, the record shows the requisite knowledge and voluntariness, and enforcing the appeal waiver would not constitute a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (enforceability of appeal waiver); United States v. Sisco, 576 F.3d 791, 796 (8th Cir. 2009) (considerations for knowing and voluntary waiver); see also United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). We reject Schmacker's argument that the government breached the plea agreement: the agreement explicitly indicated that the parties had not agreed on the enhancement's applicability, and that the government could make whatever argument it deemed appropriate at sentencing. See United States v. Sanchez, 508 F.3d 456, 460 (8th Cir. 2007) (plea agreements are contractual in nature and should be interpreted according to general contract principles).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues that are not covered by the appeal waiver. Accordingly, we grant counsel's motion to withdraw, and we dismiss this appeal.

_____