# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3161

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Billy Craig Underwood, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 29, 2011
Filed: May 24, 2011

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Billy Craig Underwood pled guilty to wire fraud, 18 U.S.C. § 1343, and the district court[1] sentenced him to 108 months imprisonment. Underwood appeals his sentence, arguing that the district court erred in denying his request for a downward departure under section 5H1.6 of the United States Sentencing Guidelines, failed to properly consider the 18 U.S.C. § 3553(a) factors, and imposed an unreasonable sentence by declining to vary below the Guidelines range. We affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Underwood owned a title and escrow company that offered mortgage refinancing services. As stipulated in the plea agreement, Underwood devised and perpetrated a scheme to defraud in which he used the title and escrow company to close home mortgage refinancing transactions, obtaining funds for refinancing from FDIC insured lenders by means of wire communications in interstate commerce. At closing, Underwood caused to be prepared closing documents and checks written on his title and escrow company account that reflected full payment of the original mortgages, and he represented that these lien holders would be paid in full. In fact, checks for the full payments of first and second mortgage lenders were never issued, and Underwood converted these funds for his own use in the operation of his businesses. The government initiated charges against Underwood, and he pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Based on an offense level of 31 and a criminal history category of I, the district court calculated a Guidelines range of 108 to 135 months imprisonment.

Underwood sought a sentence outside the Guidelines range that would involve zero incarceration time through a downward departure under section 5H1.6 of the Guidelines, or alternatively, a variance under section 3553(a). He argued that his son Levi, who suffers from muscular dystrophy, requires around-the-clock care that Underwood's wife cannot provide by herself. The district court conducted a three-day evidentiary hearing in which it heard testimony regarding Levi's condition and care. After the hearing, the district court explained that it did not find the Underwoods' testimony regarding Levi credible and based on the testimony of Levi's doctor, Levi could be cared for by his mother with occasional assistance from extended family or friends. Accordingly, the district court denied Underwood's request for a sentence outside the Guidelines range and imposed a low-end Guidelines sentence of 108 months imprisonment.

II.

We review the sentencing decision of the district court under an abuse-of-discretion standard. United States v. Lozoya, 623 F.3d 624, 625 (8th Cir. 2010). We will not reverse the sentence unless the district court committed a significant procedural error or the sentence is substantively unreasonable. Id.

Underwood first contends that the district court procedurally erred in refusing to grant a downward departure under section 5H1.6 of the Guidelines. We do not review a district court's decision to deny a defendant's request for a downward departure unless the district court had an unconstitutional motive or erroneously believed it was without authority to grant the departure. United States v. Phelps, 536 F.3d 862, 868 (8th Cir. 2008), cert. denied, 129 S. Ct. 1390 (2009). Underwood argues only that the district court erroneously believed it was without authority to grant the departure, but the record does not support his contention. To the contrary, the district court correctly explained at sentencing that family circumstances are not a factor ordinarily considered when sentencing a defendant under the Guidelines. See United States Sentencing Commission, Guidelines Manual, §5H1.6 ("In sentencing a defendant . . . family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted."). The district court then articulated why it did not consider the departure warranted in Underwood's case despite his son's condition. Because the district court neither had an unconstitutional motive nor erroneously believed it was without authority to grant a departure under section 5H1.6, we do not review its decision denying Underwood's requested departure.

Underwood next contends that the district court committed procedural error by failing to consider his family circumstances as a relevant factor under section 3553(a). See United States v. Hoffman, 626 F.3d 993, 998 (8th Cir. 2010) (explaining that the district court commits procedural error if it fails to consider a relevant factor that should have received significant weight). Although the district court did, as

Underwood points out, observe that section 3553(a) does not specifically list "family responsibilities" as a factor and that many incarcerated defendants leave children behind, the district court also discussed why a variance under section 3553(a) was not warranted in Underwood's case despite his family circumstances. When this statement is considered in context with the rest of the sentencing record, United States v. Jones, 563 F.3d 725, 729 (8th Cir.), cert. denied, 130 S. Ct. 273 (2009), the district court clearly considered Levi's medical condition and Underwood's role as a caretaker.

Finally, Underwood argues that his sentence is substantively unreasonable because the district court failed to give sufficient weight to his role as a caretaker of his disabled child and declined to vary downward from the Guidelines range. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). If the sentence imposed is within the Guidelines range, we apply a presumption of reasonableness. United States v. Dodds, 532 F.3d 703, 705 (8th Cir. 2008).

Although the district court did not side with Underwood in the end, the court thoroughly considered Underwood's role in caring for his son. The district court conducted a three-day hearing and listened to testimony regarding Levi's special needs. The court explained that it was choosing to credit the testimony of Levi's doctor that Levi could be cared for by one person full-time with occasional assistance from others over the contrary testimony from the Underwoods. The district court discussed the section 3553(a) factors and why imposing only probation would not meet the sentencing goals outlined in the statute. The court articulated its concern that absent incarceration, Underwood would engage in the same type of illegal activity again. Finally, the court concluded that despite Underwood's family situation, it was imposing a sentence within the Guidelines rather than sentencing Underwood to probation as he requested. No abuse of discretion occurred here.

## III.

Accordingly, we affirm the sentence imposed by the district court.

_____