# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3789

_____

United States of America,

        Appellee,

v.

Roberto Villarreal-Colin,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: June 13, 2011
Filed: September 6, 2011

_____

Before COLLOTON, CLEVENGER[1] and BENTON, Circuit Judges.

_____

PER CURIAM.

     Roberto Villarreal-Colin pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326 (a), (b)(2) and 6 U.S.C. §§ 202, 557. The district court[2] sentenced him to 57 months' imprisonment and three years' supervised release. He appeals the sentence

_____

    [1]The Honorable Raymond C. Clevenger, III, Senior United States Circuit Judge, sitting by designation.

    [2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

as substantively unreasonable.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

As an adult, Villarreal-Colin illegally entered the United States from Mexico in the 1970s.  In 1979, he was convicted of third-degree burglary.  Since then, he has been removed from the United States five times, most recently in 2006.  Over the years, Villarreal-Colin has three convictions for driving while intoxicated, three for possession of drugs, and one each for false representation regarding unemployment benefits, blood alcohol concentration over .10, and illegal entry.  On June 9, 2010, he was arrested for theft/wrongfully obtaining unemployment compensation.

After pleading guilty here, Villarreal-Colin conceded at sentencing that the guideline range of 57 to 71 months was proper, but requested no more than 40 months as sufficient but not greater than necessary to accomplish the sentencing goals.  The district court considered the presentence investigation (PSR), heard argument, and sentenced him to 57 months–the low end of the range.

Villarreal-Colin argues on appeal that the sentence imposed was unreasonable.[3] This court reviews sentencing decisions to determine if they are reasonable under a deferential abuse-of-discretion standard. *United States v. Battiest*, 553 F.3d 1132, 1135 (8th Cir. 2009). Villarreal-Colin does not allege procedural error, so review is to determine if the sentence is substantively unreasonable. *United States v. Bolivar-Diaz*, 594 F.3d 1003, 1005 (8th Cir. 2010). An abuse of discretion occurs if the sentencing court failed to consider a relevant factor, "gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits clear error of judgment in weighing those factors." *United States v. Asalati*, 615 F.3d 1001, 1006 (8th Cir. 2010).

---

[3]In his brief, Villarreal-Colin criticizes the district court for analyzing his case through the "lens of a formal request for a downward departure" and "the dated and limited lens of a formal departure consideration." At sentencing, he presented his case as a motion for departure, beginning his argument by saying he had made "a motion for a variance for departure," and next arguing that cultural assimilation was an appropriate reason to "depart or vary."

In ruling, the court began by noting that defendant has "moved for a downward departure." The court saw its function as determining "whether a departure is appropriate." The court concluded:

> Considering all of the relevant factors and in view of the probation officer's recommendation and whether that's correct or not, I still believe that a departure is not warranted. Therefore, the defendant's motion will be denied.

The defendant did not object to the court's treating his motion as one for departure. Because the court recognized its authority to depart, the discretionary denial of a motion to depart would not be reviewable on appeal. *See United States v. Underwood*, 639 F.3d 1111, 1113 (8th Cir. 2011).

Villarreal-Colin objects to the weight that the district court gave to the sentencing guidelines and sentencing factors. A sentence is not unreasonable solely because the sentencing court elected to follow the guidelines (so long as it does not treat them as mandatory). *See United States v. Koch*, 625 F.3d 470, 481 (8th Cir. 2010) *citing United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009).

As for the sentencing factors, Villarreal-Colin admits the court considered his request for a lesser sentence based on cultural assimilation, but asserts the court did not "seemingly" consider other factors that support a variance –his strong ties to the United States (including two U.S.-citizen adult children here), minimal ties to Mexico, the age of his aggravated felony, his age, and his health. The district court's sentencing colloquy shows it considered the § 3553(a) factors and those that Villarreal-Colin offered. The court's reference to certain factors does not show it failed to consider others. *See United States v. Williams*, 599 F.3d 831, 833 (8th Cir. 2010). The district court has wide discretion in weighing the §3553(a) factors and may assign some factors greater weight than others in imposing an appropriate sentence. *United States v. San-Miguel*, 634 F.3d 471, 476 (8th Cir. 2011). A district court is not required to provide a "mechanical recitation" of the §§ 3553(a) factors, so long as it actually considered them. *United States v. Walking Eagle*, 553 F.3d 654, 659 (8th Cir. 2009).

Villarreal-Colin's sentence came within the guideline range, and is presumptively reasonable. *See United States v. Struzik*, 572 F.3d 484, 488 (8th Cir. 2009). It is an unusual case when a within-guidelines sentence is reversed. *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The district court did not err in sentencing Villarreal-Colin to the low end of the guideline range.

* * * * * * * *

The judgment of the district court is affirmed.

_____