# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3363

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Duane Russell Conroy, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 20, 2012
Filed:  June 4, 2012

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.


While conducting surveillance on a Boone, Iowa, residence associated with methamphetamine distribution, a police officer observed a vehicle leave the residence.  The driver, Duane Russell Conroy, threw a black bag out the window. The bag contained two ounces of meth and drug paraphernalia.  Conroy pled guilty to possessing meth with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  Conroy qualified as a career offender; the advisory sentencing range

was 262 to 327 months. Applying a 35 percent variance, the district court[1] sentenced Conroy to 170 months' imprisonment. He appeals the sentence for procedural error and substantive unreasonableness. This court affirms.

Any procedural error is reviewed for plain error because Conroy did not object at sentencing. *United States v. Townsend*, 618 F.3d 915, 918 (8th Cir. 2010) (requiring an obvious legal error affecting both a party's substantial rights and the fairness, integrity, or reputation of the judicial proceedings). Conroy says the district court did not properly account for his mental health or addiction history. However, the court explicitly noted those considerations and acknowledged reading Conroy's sentencing memorandum. Further, the court did not commit an obvious legal error when it mistakenly said Conroy had "five good chances in drug court." Conroy had five prior drug convictions.

Conroy argues his sentence is greater than necessary because the district court failed to adequately weigh the 18 U.S.C. § 3533(a) factors. A sentence's substantive reasonableness is reviewed under a deferential abuse-of-discretion standard. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A sentence within the advisory guidelines is presumed reasonable. *United States v. Underwood*, 639 F.3d 1111, 1114 (8th Cir. 2011). It is "nearly inconceivable" for the court to abuse its discretion when imposing a sentence below the advisory range. *United States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009). The district court did not abuse its discretion. It carefully accounted for Conroy's criminal history and mental health situation, the need for deterrence, and other available sentencing options. *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009) (granting "wide latitude" to the

---

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

court in its evaluation). Moreover, the court correctly categorized Conroy as a career offender. U.S.S.G. § 4B1.1(a).

The district court did not commit plain error or impose a substantively unreasonable sentence.

The judgment of the district court is affirmed. *See* 8th Cir. R. 47B.

_____