# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2261
_____

United States of America

*Plaintiff - Appellee*

v.

Leonardo Lleras-Rodriguez

*Defendant - Appellant*

_____

No. 18-2289
_____

United States of America

*Plaintiff - Appellee*

v.

Leonardo Lleras-Rodriguez

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 16, 2019
Filed: April 19, 2019
[Unpublished]

_____

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

These consolidated criminal appeals arise out of separate indictments but combined plea and sentencing proceedings. Leonardo Lleras-Rodriguez pleaded guilty--under plea agreements containing appeal waivers--to casting a fraudulent ballot, and assisting in the preparation of false tax returns. The district court[1] sentenced him to consecutive prison terms for these offenses. His counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the application of Guidelines enhancements and the reasonableness of the consecutive prison terms. Counsel has also moved to withdraw. Lleras-Rodriguez has filed a supplemental brief, challenging the reasonableness of his sentence, and arguing that the imposition of consecutive prison terms violated a binding plea agreement.

As to the arguments in the briefs, except for Lleras-Rodriguez's argument asserting a plea-agreement violation, we conclude that the appeal waivers are valid, applicable, and enforceable. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (stating that this court reviews the validity and applicability of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). As to Lleras-Rodriguez's argument asserting a plea-agreement violation, we conclude that it does not raise a legal point that is arguable on its merits, as the term of the plea agreement upon which he relies was explicitly a recommendation. *See United States v. Sanchez*, 508 F.3d 456, 460 (8th Cir. 2007) (explaining that plea agreements are contractual in nature and should be interpreted according to general contract principles); *see also Anders*, 386 U.S. at 744 (describing nonfrivolous legal points as "arguable on their merits").

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

Finally, we have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal outside the scope of the appeal waivers.

We dismiss this appeal, and we grant counsel leave to withdraw.

_____