# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3870

_____

United States of America,  *
                           *
        Appellee,          *
                           *
    v.                     *
                           *
Octavio Lozoya, Jr.,       *
                           *
        Appellant.         *

_____

No. 10-1025

_____

Appeals from the United States
District Court for the
Eastern District of Arkansas.

United States of America,  *
                           *
        Appellee,          *
                           *
    v.                     *
                           *
Eduardo Galarza-Payan,     *
                           *
        Appellant.         *

_____

Submitted: September 22, 2010
Filed: October 28, 2010

_____

Before SHEPHERD, BRIGHT, and ARNOLD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Octavio Lozoya, Jr., and Eduardo Galarza-Payan pled guilty to voluntary manslaughter for their roles in the death of Rigoberto Lopez-Alvaredo. The district court[1] sentenced each defendant to the statutory maximum of 180 months imprisonment. Lozoya and Galarza-Payan appeal, contending the sentences imposed were substantively unreasonable. We affirm.

I.

On June 19, 2007, Lozoya and Galarza-Payan were inmates at the Federal Correctional Complex in Forrest City, Arkansas, when another inmate, Lopez-Alvaredo, arrived as a transfer from another federal prison. Shortly after Lopez-Alvaredo's arrival, Galarza-Payan and another inmate entered Lopez-Alvaredo's cell to determine whether he had any gang affiliations. Upon leaving the cell after only a few minutes, Galarza-Payan became concerned that Lopez-Alvaredo might be in a rival gang.

Roughly 30 minutes later, Galarza-Payan again visited Lopez-Alvaredo in his cell, now accompanied by Lozoya. During this visit, a fight ensued in which Lozoya held Lopez-Alvaredo's arms while Galarza-Payan repeatedly hit and kicked Lopez-Alvaredo in the neck and head. Shortly thereafter, Lozoya and Galarza-Payan left the cell with blood on their clothing and asked other inmates to assist them in hiding and destroying any evidence that might link them to the assault. Approximately 30 minutes after the attack, prison personnel discovered Lopez-Alvaredo lying unconscious in a pool of blood on his cell floor. Despite being transported to a trauma center in Memphis, Tennessee, Lopez-Alvaredo died from his injuries three days later.

---

[1] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

After being indicted for second-degree murder, Lozoya and Galarza-Payan pled guilty to voluntary manslaughter under 18 U.S.C. §§ 7, 1112(a). Lozoya's Presentence Investigation Report (PSR) determined his offense level was 26 with a criminal history category of IV, resulting in a Guidelines range of 92 to 115 months. Galarza-Payan's PSR determined his offense level was 26 with a criminal history category of V, resulting in a Guidelines range of 110 to 137 months. At the sentencing hearings for Lozoya and Galarza-Payan, the district court agreed with the PSR recommendations and determined that the applicable Guidelines ranges were 92 to 115 months for Lozoya and 110 to 137 months for Galarza-Payan. But the district court then went outside those ranges and sentenced each defendant to the statutory maximum of 180 months imprisonment, to run consecutive to the terms already being served. Lozoya and Galarza-Payan timely appealed, claiming the sentences imposed were unreasonable.

II.

We review the sentencing decisions of district courts under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Accordingly, we will not interfere with a criminal sentence imposed by a district court unless the district court committed a significant procedural error or the sentence is substantively unreasonable. Id.

In sentencing a defendant, a district court must first determine the advisory sentencing range as recommended by the Guidelines. Id. at 49. Next, the district court should decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005); see also United States v. Solis-Bermudez, 501 F.3d 882, 884 (8th Cir. 2007) (explaining that departures are provided for in Chapter Five and Section 4A1.3 of the Guidelines). The term "departure" is "a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the

framework set out in the Guidelines." Irizarry v. United States, 553 U.S. 708, 714 (2008). The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a "final advisory Guidelines sentencing range." United States v. Coughlin, 500 F.3d 813, 817 (8th Cir. 2007). Finally, in determining the actual sentence that should be imposed, a district court must consider whether the factors in 18 U.S.C. § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. United States v. Miller, 479 F.3d 984, 986 (8th Cir. 2007). As opposed to a "departure," a "variance" refers to a "non-Guidelines sentence" based on the factors enumerated in section 3553(a). See Solis-Bermudez, 501 F.3d at 884.

Evaluating the case at hand under this procedural framework, it is somewhat unclear from the record whether the district court, after calculating the applicable Guidelines range for each defendant, imposed a "departure" or a "variance" when it sentenced Lozoya and Galarza-Payan to sentences outside the initial recommended Guidelines range. The court justified the sentences for each defendant by noting the departure sections of 5K2.0 and 5K2.8 of the Guidelines as well as the section 3553(a) factors that allow for a variance. (Sent. Hr'g Tr. 18:9-19:10, Dec. 4, 2009); (Sent. Hr'g Tr. 17:15-21:13, Dec. 16, 2009). However, because neither Lozoya nor Galarza-Payan claim the district court committed a procedural error during sentencing, we will address only the claim that the sentences imposed were substantively unreasonable.[2]

---

[2] Any claim regarding a potential procedural error is therefore waived as it was not addressed in either appellant's brief. See Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008). But even if this Court were to address any alleged procedural error arising from the confusion of whether the district court imposed a "departure" or a "variance," such error would likely be considered harmless because we ultimately conclude the sentences were not substantively unreasonable. See United States v. Miller, 479 F.3d 984, 986 (8th Cir. 2007) (holding that a district court's conflation of departure considerations and variance analysis was harmless error because the ultimate sentence imposed was not unreasonable).

A sentence is substantively unreasonable if the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). Lozoya and Galarza-Payan claim the district court committed a clear error of judgment in imposing the statutory maximum penalty of 180 months imprisonment because the facts of this case were not extraordinary or unusual enough to justify such a sentence. However, the Supreme Court has explicitly declared that "extraordinary circumstances" are no longer needed to "justify a sentence outside the Guidelines range." Gall, 552 U.S. at 47. Undoubtedly, a sentencing court must give serious consideration to the extent of any sentence outside the Guidelines range, id. at 46, but we conclude the district court properly did so in this case.

In explaining the sentences, the district court stated it was troubled by the brutal nature of the attack, the restraint of the victim during the attack, the defendants' attempts to conceal the attack, and the gang-related cause of the original encounter. These considerations were proper under section 3553(a) because they related to the "nature and circumstances of the offense," as well as "the need for the sentence imposed to reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(1), (a)(2)(A). The district court also considered the need to avoid unwarranted sentence disparities between Lozoya and Galarza-Payan because they both had similar records and had been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(6). Despite the arguments of Lozoya and Galarza-Payan that these circumstances were not extraordinary enough to justify the district court's deviation from the Guidelines range, a sentencing court "has wide latitude to weigh the [section] 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). Simply because the district court weighed the relevant factors more heavily than Lozoya and Galarza-Payan would prefer does not mean the district court abused its discretion. See id.

Lozoya and Galarza-Payan also argue the sentences were unreasonable because the court should have considered the fact that the Government believed a sentence within the Guidelines range would have been appropriate. However, it is the district court judge, not the Government, that is responsible for determining the appropriate sentence for a criminal defendant after considering the factors of section 3553(a). <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220, 249-50 (2005). Thus, the Government's opinion of the appropriate sentence in this case did not prevent the district court from making its own determination under section 3553(a).

## III.

For the foregoing reasons, we affirm the sentences imposed by the district court.

_____