# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1001

_____

United States of America,            *
\*
Appellee,           *
\*
\*    Appeal from the United States
v.                *    District Court for the Western
\*    District of Missouri.
Chad Skelton,         *
\*    [UNPUBLISHED]
Appellant.         *

_____

Submitted: May 2, 2011
Filed: May 6, 2011

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Chad Skelton appeals the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). In a pro se supplemental brief, Skelton argues that counsel was ineffective, and that the district court erred in applying (1) a 2-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)

___

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

for possessing a stolen firearm; and (2) a 4-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) for possessing the firearm in connection with another felony offense.

We conclude that the district court did not abuse its discretion in sentencing Skelton. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (appellate court reviews sentencing decision for abuse of discretion, first ensuring that district court committed no significant procedural error, such as improperly calculating Guidelines range, and then considering substantive reasonableness of sentence). We find no error in the court's application of the Guidelines enhancements. See U.S.S.G. § 2K2.1(b)(4) & comment. (n.8(B)) (subsection (b)(4) applies regardless of whether defendant knew or had reason to believe firearm was stolen); U.S.S.G. § 2K2.1(b)(6) comment. (n.14(B)) (subsection (b)(6) applies in case of drug trafficking offense in which firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia); see also United States v. Bates, 584 F.3d 1105, 1108 (8th Cir. 2009) (district court's interpretation and application of Guidelines are reviewed de novo, and its factual findings are reviewed for clear error). We also find nothing indicating that the sentence is substantively unreasonable. See United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (sentence is substantively unreasonable if district court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors).

Finally, we decline to review Skelton's ineffective-assistance claim in this direct appeal. See United States v. Bauer, 626 F.3d 1004, 1009 (8th Cir. 2010) (claim alleging ineffective assistance of counsel ordinarily should be raised in collateral proceeding under 28 U.S.C. § 2255).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel leave to withdraw, subject to

counsel informing Skelton about procedures for seeking rehearing or filing a petition for certiorari.

—————————————————————