# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2002

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Joshua E. Holmes, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 14, 2011
Filed: June 7, 2011

_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Joshua E. Holmes pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced Holmes to the statutory maximum sentence of 120 months' imprisonment, a sentence below his otherwise applicable Guidelines range of 188 to 235 months' imprisonment. On appeal, Holmes argues that his 120-month sentence is substantively unreasonable. We affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

# I. *Background*

Holmes pleaded guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of §§ 922(g)(1) and 924(a)(2). The presentence investigation report (PSR) calculated Holmes's base offense level as 26, added eight levels for various specific offense characteristics under U.S.S.G. § 2K2.1, and reduced his offense level by three levels for acceptance of responsibility under U.S.S.G. § 3E1.1. The PSR assessed the third acceptance-of-responsibility level under § 3E1.1(b) because Holmes "timely notif[ied] authorities of the intent to plead guilty." Holmes's total offense level was 31, and his criminal history category was VI, yielding an advisory Guidelines range of 188 to 235 months' imprisonment. But this Guidelines range was overridden by the 120-month statutory maximum.

Holmes objected to PSR paragraphs relating to the § 2K2.1 enhancements. At sentencing, the district court heard testimony from three witnesses relating to Holmes's objections. The district court denied the objections, agreed with the PSR's calculation of the enhancements, and determined that Holmes's Guidelines range was 188 to 235 months' imprisonment. The court recognized that the Guidelines range was overridden by the 120-month statutory maximum.

Holmes requested a downward variance from the 120-month statutory maximum, asking for a sentence in "the vicinity of eight years." Holmes argued that his prior convictions for crimes of violence "did not involve any actual violence" and that his plea of guilty saved the district court, government, and the public defender's office "a lot of time."

The district court denied Holmes's request for a downward variance and sentenced him to the statutory maximum, explaining:

> Well, Mr. Holmes, it's unfortunate that you haven't learned your lesson somewhere earlier along the line in your many difficulties with the law.

This is your ninth felony conviction and you do have some serious offenses on your record.

And . . . you had begun your three-year term of supervised release by 23 months prior to being arrested on the offense that you're here on today, and you just haven't been willing to conform your conduct to what's required under the law, and you have posed a serious and significant threat to others in society.

I believe that taking into consideration all of the statutory factors set forth under 18 U.S.C., Section 3553, including the nature and circumstances of the offense herein, your history and characteristics, and the need for the sentence to reflect the seriousness of the offense against you, to promote respect for the law and provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from future crimes as well as all other statutory factors for consideration, I believe that a sentence of 120 months or ten years is a reasonable and appropriate sentence, and I'm going to sentence you to that period in the custody of the Bureau of Prisons.

## II. *Discussion*

On appeal, Holmes argues that the district court abused its discretion in imposing a 120-month sentence—the statutory maximum for a violation of § 922(g)(1). According to Holmes, the sentence is substantively unreasonable because it fails to account for his acceptance of responsibility and timely entry of a guilty plea, which advanced the rehabilitative goal of sentencing and allowed the executive and judicial branches to conserve significant resources that would have been expended in a jury trial. Additionally, he asserts that he was entitled to a downward variance because his prior convictions for crimes of violence did not involve any actual violence.

"We review the sentencing decisions of district courts under an abuse-of-discretion standard. Accordingly, we will not interfere with a criminal sentence imposed by a district court unless the district court committed a significant

procedural error or the sentence is substantively unreasonable." *United States v. Lozoya*, 623 F.3d 624, 625 (8th Cir. 2010) (internal citation omitted).

Because Holmes has not "claim[ed] [that] the district court committed a procedural error during sentencing, we will address only the claim that the sentence[ ] imposed [is] substantively unreasonable." *Id*. at 626. "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id*. (quotation and citation omitted).

"Here, because the bottom of [Holmes's] advisory guidelines range is above the 120-month statutory maximum, the statutory maximum sentence is presumed reasonable." *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009) (quotation and citation omitted). "[T]he fact that the sentence imposed is outside the Guidelines range does not give rise to a presumption of unreasonableness, especially where the variance results in a sentence even more favorable to the challenging defendant than a within-Guidelines sentence." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (internal citation omitted). "In these circumstances, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *Lazarski*, 560 F.3d at 733 (citing *Curry*, 536 F.3d at 573).

At sentencing, the district court considered all relevant factors, including Holmes's acceptance of responsibility, which was reflected in the calculation of his Guidelines range. And, the district court adequately explained the sentence imposed and stated that it was "taking into consideration all of the statutory factors set forth under 18 U.S.C., Section 3553." Therefore, we hold that the 120-month sentence is not substantively unreasonable. *See id*.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____