# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1847

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Martinez-Rodriguez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 10, 2014
Filed: November 19, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Jose Martinez-Rodriguez to 48 months' imprisonment following his guilty plea to the offense of unlawful reentry by an alien

---

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

previously removed following a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Martinez-Rodriguez challenges the substantive reasonableness of his within-guidelines-range sentence. We affirm.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." United States v. Hayes, 518 F.3d 989, 995 (8th Cir. 2008) (internal quotation omitted). We "must first ensure that the district court committed no significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). "In the absence of procedural error below, we should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (internal quotation omitted). "If the sentence is within the Guidelines range, [we may] apply a presumption of reasonableness." Gall, 552 U.S. at 51. Indeed, "it will be the unusual case" when we reverse a within-guidelines sentence "as substantively unreasonable." Feemster, 572 F.3d at 464 (quotation omitted). "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (internal quotation omitted).

Martinez-Rodriguez alleges no procedural error; nor does he challenge the district court's calculation resulting in an advisory guidelines imprisonment range of 46 to 57 months. Instead, his sole argument on appeal is that, given the specific circumstances of his case, his sentence is greater than necessary to serve the federal sentencing goals under 18 U.S.C. § 3553(a). In arguing that his sentence is substantively unreasonable, Martinez-Rodriguez concedes that the district court considered all of the § 3553(a) factors that are relevant to his case. He contends, however, that the district court committed "a serious error in judgment" when it

weighed the § 3553(a) factors because it afforded too little weight to his strong family ties to the United States.[2]

After carefully reviewing the sentencing record, we hold that the district court did not make a clear error of judgment when it weighed the § 3553(a) factors. The record indicates that the district court permitted Martinez-Rodriguez to offer extensive argument as to why his family circumstances warranted him a variance below the Guidelines range. The district concluded, however, that Martinez-Rodriguez's history of violent criminal behavior, which includes convictions for firing a weapon at an occupied vehicle and strangling a former girlfriend, indicated that he presented a significant risk to the public safety and that he had little regard for the laws of the United States. After weighing these various considerations in conjunction with the remaining § 3553(a) factors, the district court concluded that a sentence within the heartland of the Guidelines was appropriate.

It is clear that the district court's justifications for imposing a within-guidelines sentence rested "on precisely the kind of defendant-specific determinations that are within the special competence of sentencing courts." Feemster, 572 F.3d at 464 (quotation omitted). Accordingly, the district court did not abuse its discretion in sentencing Martinez-Rodriguez to 48 months' imprisonment, and we thus affirm its judgment.

---

[2]Martinez-Rodriguez also claims that the district court did not give due weight to his partial compliance with a fast-track program that the United States Attorney's Office for the District of Nebraska offers to many defendants in illegal reentry cases. However, as the district court noted, Martinez-Rodriguez was offered the chance to enter into a plea agreement as part of this program, but he refused. Martinez-Rodriguez's argument is therefore meritless, and we give it no further consideration.