# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1064

_____

United States of America

*Plaintiff - Appellee*

v.

Kelvin Maximillion Stanford

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: March 14, 2016
Filed: May 19, 2016
[Unpublished]

_____

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kelvin Stanford appeals from the district court's[1] decision revoking his supervised release and imposing a sentence of 18 months' imprisonment and three

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

years' supervised release. He contends that the prison sentence was unreasonable. We affirm.

In July 2012, Stanford pleaded guilty to knowing possession with intent to distribute marijuana, *see* 21 U.S.C. § 841(a)(1), and knowing possession of a firearm by an unlawful user of a controlled substance, *see* 18 U.S.C. § 922(g)(3). The district court sentenced him to 24 months' imprisonment followed by a three-year term of supervised release. Less than three months after his release from prison, Stanford was stopped by the highway patrol while he was driving in Utah. Because Stanford's vehicle smelled of marijuana, the officer conducted a search. The officer found over eleven pounds of marijuana divided into twenty-two eight-ounce packages inside Stanford's trunk. The officer took Stanford into custody, and Stanford was charged with possession of a controlled substance, possession of drug paraphernalia, and failure to signal a lane change. Shortly thereafter, the probation office petitioned the district court to revoke Stanford's supervised release. The petition described the incident and noted that Stanford did not have permission to travel outside of the judicial district in which he was being supervised.

At the revocation hearing, Stanford admitted to the violations related to the Utah incident. The statutory maximum sentence was two years' imprisonment. *See* 18 U.S.C. § 3583(e)(3). Stanford's advisory guidelines range was 4-10 months' imprisonment. The Government argued that the court should vary upward to impose a sentence of 18 months' imprisonment. In support of this position, the Government explained that Stanford's conduct in Utah was very similar to the conduct that led to his initial conviction and that a longer sentence was necessary to "teach the defendant [the] lesson that he failed to learn" during his first term of imprisonment. Stanford, in turn, contended that the court should impose a prison sentence within the advisory guidelines range. He argued that his offense was nonviolent, he accepted responsibility for his actions, he was taking classes, and he complied with drug testing during his first three months of supervised release. The court sentenced Stanford to

18 months' imprisonment followed by three years of supervised release, noting that the prison term would be consecutive to any punishment imposed for the offense in Utah. The court chose this sentence because Stanford "violated the trust of th[e] Court by, within about 3 months of his release from imprisonment, committing almost an identical crime" to the crime underlying his initial conviction. The court also noted that Stanford "ch[ose] to go right back into criminal activity" despite having an employment record and skills.

On appeal, Stanford argues that the 18-month prison sentence imposed by the district court was unreasonable. We review a district court's revocation sentencing decision using the same standards we apply to initial sentencing decisions. *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005). We thus review for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). In conducting this review, we search first for procedural errors, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* (quoting *Gall v. United Stated*, 552 U.S. 38, 51 (2007)); *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009). In the absence of procedural error, our court considers the substantive reasonableness of the sentence. *Feemster*, 572 F.3d at 461. In this review, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* (quoting *Gall*, 552 U.S. at 51). "A sentence is substantively unreasonable 'if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Boelter*, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam) (quoting *United States v. Lozoya*, 623 F.3d 624, 626 (8th Cir. 2010)).

Stanford does not raise any allegation of procedural error. Instead, he contends that the prison sentence was substantively unreasonable because the court committed a clear error of judgment when weighing the § 3553(a) factors. According to Stanford, the court did not consider adequately (1) his record of good conduct in prison and during the first three months of supervised release, (2) the possibility that he would face punishment in Utah as a consequence of his offense, and (3) alternatives to imprisonment, such as a residential reentry center, that would be more effective in deterring Stanford from resorting to criminal conduct in the future. The district court explained at sentencing that it considered the statutory factors and the various sentencing options that it could impose. *See United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam) ("Although a district court is required to consider each of the § 3553(a) factors in determining the proper sentence to impose, it need not 'categorically rehearse each of the [§] 3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered.'" (quoting *United States v. Dieken*, 432 F.3d 906, 909 (8th Cir. 2006) (alteration in original))). While our court may not apply a presumption of reasonableness when a sentence falls outside the guidelines range, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Feemster*, 572 F.3d at 461-62 (quoting *Gall*, 552 U.S. at 51). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464 (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Applying the deference due under *Feemster*, we conclude that the court did not commit a clear error of judgment when weighing the relevant factors. The district court sentenced Stanford to 18 months' imprisonment, stating that a lower sentence was not appropriate because Stanford had "violated the trust" of the court by, within only three months of his release from prison, committing an offense that was very similar to the offense underlying his initial conviction. The court further noted that Stanford chose to "go right back into criminal activity" despite having other skills that

would allow him to support himself.  Under 18 U.S.C. § 3583(e), factors such as deterrence and the need to protect the public from further crimes of the defendant must guide the district court's revocation sentencing decision.  *See* 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a)(2)(B), (C)).  We afford the district court wide latitude to consider these and other relevant factors and to assign some factors greater weight than others.  *United States v. Deering*, 762 F.3d 783, 787 (8th Cir. 2014).  A district court does not abuse its discretion "[s]imply because [it] weigh[s] the relevant factors more heavily than [the defendant] would prefer." *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011).  Based on the record, we conclude that the court did not abuse its discretion when it weighed the stated factors more heavily than the mitigating factors cited by Stanford.

We also reject Stanford's contention that the 18-month prison sentence was substantively unreasonable because the court determined that it would run consecutively to any sentence imposed as a result of the charges in Utah.  "The decision to impose a consecutive or concurrent sentence upon revocation of supervised release is committed to the sound discretion of the district court." *United States v. Cotroneo*, 89 F.3d 510, 512 (8th Cir. 1996).  Here, Stanford's recidivism supported the court's decision. *See United States v. Kreitinger*, 576 F.3d 500, 504-05 (8th Cir. 2009) (finding reasonable consecutive sentences for revocation and new crimes committed while on supervised release because the defendant had "recidivist tendencies").  We see no abuse of discretion.  For the foregoing reasons, we conclude that the sentence imposed by the district court was not unreasonable, and we affirm.

_____