# United States Court of Appeals
## For the Eighth Circuit

—————————————

No. 15-3893

—————————————

United States of America

*Plaintiff - Appellee*

v.

Alexisus Jarmon Mosby

*Defendant - Appellant*

——————

Appeal from United States District Court
for the District of Minnesota - St. Paul

——————

Submitted: October 17, 2016
Filed: December 9, 2016
[Unpublished]

——————

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

——————

PER CURIAM.

Alexisus Jarmon Mosby appeals his 12-month revocation sentence, arguing that it is substantively unreasonable. Mosby claims that the district court[1] abused its

———————————

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

discretion by giving too much weight to certain factors and insufficient weight to mitigating factors. For the reasons discussed below, we affirm.

## I. *Background*

A jury convicted Mosby of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 108 months' imprisonment, followed by three years of supervised release.

Mosby spent the final portion of his imprisonment term at a halfway house. While there, he was arrested for domestic assault. Mosby was released from the halfway house and Bureau of Prisons (BOP) custody on June 30, 2015. On September 15, 2015, Mosby's probation officer filed a Petition on Supervised Release ("petition"). First, the petition alleged that "[o]n July 27, 2015, [Mosby] reported he was employed full-time with Accessibility. Upon verification of his employment status, the defendant was not employed full-time and was terminated on July 7, 2015, for leaving his employment without notice." Second, it alleged that Mosby "failed to maintain contact with his assigned U.S. Probation Officer" and that his "whereabouts" were "unknown." Third, it alleged that "[o]n September 8, 2015, [Mosby] submitted a urine sample that tested positive for cocaine; subsequently, Alere Laboratories confirmed the specimen was positive for cocaine." Finally, it alleged that "[o]n September 12, 2015, [Mosby] failed to report for urinalysis testing." At the time that the probation officer filed the petition, Mosby still faced the domestic-assault charge.

Mosby absconded from his supervision in Minnesota and was arrested in North Dakota after being observed in a stolen car. At the revocation hearing on December 1, 2015, Mosby admitted to all of the violations alleged in the petition, with the exception of missing a drug test. The government proceeded on the admitted-to violations.

Based on Mosby's admissions, the court found that Mosby had violated the conditions of his supervised release and revoked his supervised release. The undisputed Guidelines range was 6 to 12 months' imprisonment. Mosby argued for a six-month sentence based on his family's support and the minor nature of the grade C violations. Mosby asked the court not to consider that law enforcement recovered a firearm from his home during the execution of a search warrant[2] because no charges resulted. He also asked the court not to consider the pending domestic-assault charge because it was filed while he was at the halfway house and in BOP custody. The district court agreed that it would not penalize Mosby for his arrest while at the halfway house, stating, "I understand, and I wouldn't punish him." Nonetheless, the court commented that "[t]he crime for which I sentenced Mr. Mosby [(felon in possession)] he committed within a month after being let out of prison the last time." The court further explained that Mosby had "a number of violations that occurred within a month after getting out of prison. Even pretty hardened criminals usually can make it a month after being left out of prison before being pulled in and having to appear before the judge on multiple violations." The district court's concern was "that Mr. Mosby isn't even trying."

Before imposing Mosby's revocation sentence, the district court asked if Mosby wanted to say anything. Mosby replied that he did "catch the case when [he] got out of the halfway house." The court assured Mosby that it would not assume his guilt on the domestic-assault charge, stating:

> [W]hen I'm sitting here today, I have to assume that you are innocent of that. I can't assume that you did that. But it's still distressing to me. I don't usually have defendants who get arrested while they're in the halfway house. That's usually when they're on their best behavior.

---

[2]Law enforcement executed the search warrant shortly before Mosby absconded.

I'm also concerned that the report I've gotten is your conduct in the halfway house left something to be desired, that you had multiple infractions, you were disrespectful to the staff. It's hard for me to agree with your counsel that I should give you more time in a halfway house when the last time you were there you treated the staff very poorly from what I've been told.

Thereafter, Mosby's counsel asked the court not to consider that a firearm was found during the execution of the search warrant in determining Mosby's revocation sentence. The court responded that it would "not formally or informally" consider the information. However, the court explained that although it would not "take it into account, it's just one more storm cloud on the horizon. A lot of storm clouds arose in a very short period of time."

The district court sentenced Mosby to a within-Guidelines revocation sentence of 12 months' imprisonment. In imposing this sentence, the district court stated that it had considered the 18 U.S.C. § 3553(a) factors. It reached its revocation sentence based on Mosby's "long history of probation and supervised-release violations." The court noted Mosby's prior placement "on supervision on many prior occasions" and his "many violations of the conditions of his supervised release on those occasions." Specifically, the court pointed out that Mosby had "committed the crime for which [the court] originally sentenced him, being a felon in possession of a firearm, less than a month after being released from prison following his 2003 conviction for being a felon in possession of a firearm." The court commented that "[h]istory seems to be repeating itself," noting that "[b]efore Mr. Mosby had even been released from the halfway house, he managed to get arrested for domestic assault"; Mosby lied to his probation officer about being employed three weeks after his release; and Mosby "failed to maintain contact with his probation officer and used cocaine" six weeks after his release. The court also cited Mosby's arrest in North Dakota while on supervised release. The court stressed that this conduct occurred "about six weeks" following Mosby's release from the halfway house, "provid[ing] pretty clear evidence

that Mr. Mosby, once again, is not taking seriously the requirement that he follow the conditions of his supervised release." These conditions included "that he work an honest job, stay off of drugs, and cooperate with his probation officer." The court concluded that Mosby "poses a danger to the public" based on his "commi[ssion] [of] a felony within one month" of being released from prison and his "being arrested for assault" before being released from the halfway house.

## II. *Discussion*

On appeal, Mosby argues that his 12-month revocation sentence is substantively unreasonable. First, he argues that the district court abused its discretion by giving undue weight to Mosby's domestic-assault arrest while he was in BOP custody and the discovery of a firearm in Mosby's home. Second, he argues that the district court abused its discretion by not giving sufficient weight to his family's support and the minor nature of the violations.

We review for abuse of discretion a district court's revocation sentencing decision, applying "the same standards we apply to initial sentencing decisions." *United States v. Stanford*, 642 F. App'x 657, 659 (8th Cir. 2016) (unpublished per curiam). "Where, as here, [Mosby] does not argue that the district court committed a procedural error, we 'bypass the first part of our review and move directly to review the substantive reasonableness of his sentence.'" *United States v. Werlein*, 664 F.3d 1143, 1146 (8th Cir. 2011) (per curiam) (quoting *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009)). "A sentence is substantively unreasonable 'if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Boelter*, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam) (quoting *United States v. Lozoya*, 623 F.3d 624, 626 (8th Cir. 2010)). On appeal, we accord a within-Guidelines range sentence "[a] presumption of reasonableness." *Werlein*, 664 F.3d at 1146. "[A]s a statutory and procedural matter, a revocation

sentence may not be based on disputed, unproven allegations . . . ." *United States v. Richey*, 758 F.3d 999, 1003 (8th Cir. 2014).

Here, Mosby's 12-month revocation sentence was within the presumptively reasonable Guidelines range. *See Werlein*, 664 F.3d at 1146. The district court stated that it had considered all of the § 3553(a) factors. The record reflects that the district court considered only appropriate evidence for its revocation decision. The court did not consider the search warrant executed at Mosby's home or the firearm discovered there. In fact, the district court told Mosby that it would "not formally or informally" consider the information. Although the court did characterize the search and recovery of the firearm as "just one more storm cloud on the horizon," it said that it would not "take it into account." Nowhere in the district court's sentencing colloquy does it mention the warrant or the firearm.

With regard to the pending domestic-dispute charge, the district court made clear that it was imposing the 12-month sentence because of Mosby's "long history of probation and supervised-release violations," not because of the as-yet-untried domestic-assault charge. Although the court acknowledged that Mosby "managed to get arrested for domestic assault" before his release from the halfway house, it also stated that it would assume Mosby's innocence.

The record also shows that the district court was aware of Mosby's family support and the nature of the supervised-release violations. Mosby's "counsel made these specific mitigation arguments during the sentencing hearing, and 'we presume the district court considers such matters as are presented to it[.]'" *United States v. Ali*, 799 F.3d 1008, 1034 (8th Cir. 2015) (quoting *United States v. Grimes*, 702 F.3d 460, 471 (8th Cir. 2012)). And, as noted *supra*, the district court noted its consideration of the § 3553(a) factors. *See id*.

Therefore, we conclude that Mosby's 12-month revocation sentence is substantively reasonable.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____