# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-3473

_____

United States of America

*Plaintiff - Appellee*

v.

Abraham Christopher Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: May 9, 2022
Filed: July 8, 2022

_____

Before SMITH, Chief Judge, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Abraham Christopher Smith pled guilty to enticing a minor, in violation of 18 U.S.C. § 2422(b). On appeal, Smith argues that the district court[1] procedurally erred by cross-referencing United States Sentencing Guidelines § 2G1.3(c)(1), which applies where the defendant caused the minor victim to engage in sexually explicit

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

conduct for the purpose of producing a visual depiction of that conduct. He also argues that his sentence is substantively unreasonable. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm Smith's sentence.

I.

Smith, who at the time of the instant offense was 38 and 39 years old,[2] worked as a science teacher at Southeast Polk High School in Polk County, Iowa. The victim, a 15-year-old female student, was in Smith's class, was tutored by Smith, and was part of the school's astronomy club, of which Smith was the leader. The parents of the victim became suspicious of the nature of Smith's contact with their daughter, and on October 26, 2020, the victim's mother contacted the police. On October 28, police interviewed the victim, and she explained that she had, among other things, engaged in sexual intercourse with Smith on two occasions, once in her bedroom and once at a nearby park. A search of the victim's cell phone revealed that she and Smith had exchanged more than 1,000 text messages, many of which were sexually graphic. The messages included highly detailed discussions of Smith's sexual fantasies. Then, after having tried some of those fantasies with the victim, Smith would text the victim to discuss the encounter, asking the victim questions about her pain and satisfaction levels while also narrating his own experience. As relevant to this appeal, on October 16, Smith told the victim that he would like her to perform oral sex on him and described, in detail, how he would like himself and the victim to be positioned during that act.

The personal communications between the victim and Smith began after the victim sought help from Smith for the mental health challenges that she had been experiencing, and a review of the text messages exchanged by Smith and the victim reveal that, interspersed throughout their sexually graphic conversations, the victim

---

[2]Although this case only concerns Smith's behavior during a three-week period, from October 9, 2020, through October 29, 2020, the district court noted that his birthday occurred during those three weeks, so he was both 38 and 39 during the period of the instant offense.

expressed suicidal ideation to Smith. Further, the text messages not only confirm the victim's account that she and Smith had engaged in sexual intercourse more than once, but they also confirm that her young age was a central part of his sexual gratification. He repeatedly referenced the fact that the victim was only 15 years old and her small size. Smith went so far as to brag to the victim about how he had lied to her parents by telling them that he was meeting the victim for tutoring when, in fact, he was meeting the victim for sex.[3]

On October 28, 2020, pursuant to an arrest warrant, the police arrested Smith at his home. A subsequent search of Smith's cell phone revealed an app, referred to throughout the record as the "photo vault," that allowed him to restrict access to photographs and videos stored on his cell phone using a Personal Identification Number (PIN) or password. In the photo vault, police found: four topless photographs of the victim; a video, dated October 24, 2020, of the victim performing oral sex on Smith while in her bedroom; two videos of the victim masturbating; and sexually explicit photographs and videos of Smith's wife. The October 24 video, which was approximately one minute and fifteen seconds in length, was taken by Smith. The district court explained, and the parties do not dispute, that the positions of Smith and the victim, as depicted in the video, matched the positioning described by Smith in his October 16 text messages with the victim.[4]

A four-count indictment charged Smith with knowingly persuading, inducing, and enticing and attempting to persuade, induce, and entice a minor to engage in

_____

[3]The record shows that, at some point during this three-week period, Smith and the victim began using an app called "Telegram" to exchange messages rather than relying on text messages. However, for simplicity, we refer to all messages exchanged by Smith and the victim as text messages.

[4]Although Smith does not dispute what the October 24 video depicted or the positioning of himself or the victim in that video, he does dispute the government's argument that, because the positioning in the video matched the positioning that he had described in his text messages to the victim, he had the requisite mens rea. See infra Section II.

-3-

sexual activity, in violation of 18 U.S.C. § 2422(b); knowingly receiving child pornography depicting a minor, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1); knowingly employing, using, persuading, inducing, and enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a), (e); and knowingly possessing material containing images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Smith pled guilty to the first count, and the government dismissed the remaining counts pursuant to the written plea agreement.

At sentencing, over Smith's objection, the district court applied the cross-reference found in USSG § 2G1.3(c)(1). The application of this cross-reference resulted in a base offense level of 32. After applying five different enhancements, as well as a three-level reduction for Smith's acceptance of responsibility, the district court calculated a total offense level of 42 and criminal history category I, resulting in a Guidelines range of 360 months to life imprisonment. The district court ultimately sentenced Smith to a below-Guidelines sentence of 288 months imprisonment with 10 years supervised release, commenting that it had difficulty choosing a sentence but "decided . . . that [Smith] shall remain in prison until his victim is the same age that he was when he did this to her." This appeal follows.

II.

Smith first argues that the district court committed procedural error when it applied the cross-reference found in USSG § 2G1.3(c)(1), and "[i]n reviewing a sentence, we '"must first ensure that the district court committed no significant procedural error."'" United States v. Woods, 670 F.3d 883, 886 (8th Cir. 2012) (citation omitted). "We review the district court's factual findings for clear error and its application of the Guidelines de novo." United States v. Clark, 999 F.3d 1095, 1097 (8th Cir. 2021) (per curiam) (reviewing, for clear error, factual findings supporting district court's application of a cross-reference).

-4-

When discerning the applicable base offense level for a defendant convicted under 18 U.S.C. § 2422(b), a district court must look to USSG § 2G1.3, which, at (c)(1), instructs the district court to apply USSG § 2G2.1 where "the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." USSG § 2G1.3(c)(1) "is to be construed broadly." See USSG § 2G1.3(c)(1), comment. (n. 5(A)). USSG § 2G2.1 is the Guideline encompassing the sexual exploitation of a minor via the production of sexually explicit visual material, or child pornography. It provides that the base offense level for such offenses is 32 and lists additional enhancements to be applied based on the specific facts of the offense.

At sentencing, Smith argued that the cross-reference was inapplicable because the government had not proved, by a preponderance of the evidence, that he acted with the purpose of "producing a visual depiction" of his sexual conduct with the victim. He argued before the district court, and argues again on appeal, that he spontaneously chose to record the victim performing oral sex and did not cause her to perform oral sex on him *for the purpose* of creating the video. The district court disagreed, finding persuasive the fact that there were multiple sexually explicit photographs and videos in the photo vault which, the district court explained, demonstrated that Smith had a repetitive interest in documenting his sexual encounters. The district court also found persuasive the fact that Smith's October 16 text messages to the victim detailed his interest in the exact sex act and positioning that can be seen in the October 24 video. Ultimately, the district court concluded that, because Smith told the victim of his fantasy before reenacting that fantasy in a "very deliberate and explicit and careful manner," his decision to record the victim was not spontaneous.

Smith only disputes the district court's conclusion that he did not act spontaneously. When interpreting 18 U.S.C. § 2251(a), the criminal provision containing almost-identical language to that which is found in USSG § 2G1.3(c)(1), we have explained that the phrase "for the purpose of" sets forth a specific intent

requirement. See United States v. Fortier, 956 F.3d 563, 566-67 (8th Cir. 2020) ("This mens-rea element, because it requires a mental state 'above and beyond' the intent to perform one of the acts listed in the statute, is called a specific intent."). We further explained that a defendant acts with the requisite specific intent where one of his "'dominant purposes' was to create a visual depiction of his sexual acts with the [victim]." Id. (citation omitted); see United States v. Raplinger, 555 F.3d 687, 693 (8th Cir. 2009) (explaining that producing a visual depiction need not be the defendant's "sole purpose for engaging in the sexual activity").

It is clear from the undisputed facts that much of Smith's sexual gratification was derived from sexually explicit photographs and videos of the victim. He received topless photos of her, as well as videos of her masturbating, on multiple occasions. In the photo vault, alongside the October 24 video of the victim, officers found sexually explicit photographs and videos of Smith's wife, suggesting, as the district court found, that one of Smith's "dominant purposes" in his sexual experiences (with both his wife and the victim) was to create visual depictions of those experiences. We find that the district court did not clearly err in finding these facts, and the district court, having relied on these facts, did not err in applying the cross-reference found in USSG § 2G1.3(c)(1).

However, even assuming that Smith is correct and the district court erred in applying the cross-reference, any such error was harmless. After announcing Smith's 288-month sentence, the district court explained:

> [This sentence] is within the same range that would have applied had I not applied the cross-reference. I would have given this same sentence ultimately after considering all of the factors here, no matter how I would have ruled on that particular cross-reference. This is a very lengthy sentence, but it is one that, in my view, balances all of the mitigating and aggravating factors involved.

We have previously explained that where, like here, a district court expressly acknowledges the "potential impact of the specific error involved" before stating

-6-

that it would select the same sentence absent that error, "[w]e need not even venture an inference that the error had no effect on the court's selection of the sentence" because the district court answered that question expressly. United States v. Henson, 550 F.3d 739, 741 (8th Cir. 2008). Further, we have held, on numerous occasions, that a procedural error is harmless where the district court would have imposed the same sentence absent that error. See, e.g., United States v. Shell, 23 F.4th 803, 805 (8th Cir. 2022) ("A procedural error is harmless when it 'did not substantially influence the outcome of the sentencing proceeding,' or in other words when 'we are convinced that the error did not affect the district court's sentencing conclusion.'" (citations omitted)); see also United States v. Sanchez-Martinez, 633 F.3d 658, 660-61 (8th Cir. 2010) (finding harmless error where, at sentencing, the district court stated that regardless of its allegedly flawed calculation of the Guideline range, it would have "end[ed] up at the same place, anyway"). Therefore, because the district court expressly stated that it would impose a 288-month term of imprisonment even absent application of the cross-reference, we find any procedural error to be harmless.

Having found that the district court committed no procedural error, we now move to Smith's argument that his sentence is substantively unreasonable. See United States v. Kirlin, 859 F.3d 539, 543 (8th Cir. 2017) ("If we discover no procedural error, we then consider the substantive reasonableness of the sentence imposed under a deferential abuse-of-discretion standard." (citation omitted)). "A sentence is substantively unreasonable if the district court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (citation omitted). Further, "it is 'nearly inconceivable' that a sentence is so high as to be substantively unreasonable and constitute an abuse of discretion when the district court imposed a below-Guidelines sentence." United States v. Bevins, 848 F.3d 835, 841 (8th Cir. 2017) (citation omitted).

In Smith's view, the district court relied on an "arbitrary formula" when selecting his sentence, rendering his sentence substantively unreasonable. He maintains that the district court "adequately discussed the [18 U.S.C. §] 3553(a) and other relevant factors at sentencing but did not base Smith's sentence on those factors," instead basing Smith's sentence on its desire to imprison Smith for as long as it will take for the victim to reach the same age that Smith was when he committed this offense.

It is true that the district court referenced the relationship between the length of Smith's sentence and the victim's age, explaining that it had difficulty choosing a sentence but "decided . . . that [Smith] shall remain in prison until his victim is the same age that he was when he did this to her." However, we find that the district court was merely making an observation as to how Smith's sentence, chosen based on the district court's careful consideration of the § 3553(a) factors, paralleled with the victim's age. The district court expressly acknowledged the § 3553(a) factors and stated that it had considered them before engaging in a detailed commentary of those factors. The district court noted that Smith had a stable childhood, is generally healthy, has two young children, is educated, and has a consistent employment history. It found Smith's role as the victim's teacher to be extremely aggravating, warranting a harsher punishment than if the victim had been a stranger to Smith. The district court emphasized the fact that the victim, while struggling with her mental health, had sought help from Smith, only to be exploited by him. Only at the end of this thorough discussion did the district court make reference to what Smith characterizes as an "arbitrary formula." And, when explaining that it would have chosen the same sentence even if it had not applied the cross-reference, discussed supra, the district court confirmed that it chose Smith's sentence based on its "consider[ation] of the [§ 3553(a)] factors." We are confident that the district court did not give weight to an improper or irrelevant—or, as Smith frames it, arbitrary—factor, see Lozoya, 623 F.3d at 626, and we further note that "it is 'nearly inconceivable'" that Smith's below-Guidelines sentence is substantively unreasonable, Bevins, 848 F.3d at 841 (citation omitted). Therefore, we find that the district court did not abuse its discretion.

## III.

Finding no error, we affirm Smith's sentence.

_____