# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1749
_____

United States of America

*Plaintiff - Appellee*

v.

Corey Lester Schlemme

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: April 18, 2025
Filed: July 3, 2025
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Corey Schlemme pleaded guilty to receiving child pornography. *See* 18 U.S.C. § 2252A(a)(2) and (b)(1). In his plea agreement, he admitted to having solicited and received pornographic images and videos of several minor children. The final Presentence Investigation Report ("PSR") calculated an advisory sentencing guidelines range of 262 to 327 months' imprisonment. The statutory

maximum sentence for the single-count offense was 240 months' imprisonment. *Id.* § 2252A(b)(1). Because the statutory maximum sentence was less than the minimum of the guidelines range, the applicable guidelines sentence became the statutory maximum of 240 months. *See* U.S.S.G. § 5G1.1(a). The district court[1] varied downward and imposed a below-guidelines sentence of 204 months' imprisonment followed by five years of supervised release. Schlemme appeals his sentence, arguing that the district court applied a higher than warranted base offense level and that his sentence was substantively unreasonable. Finding no reversible error, we affirm.

We first address Schlemme's challenge to the base offense level. Section 2G2.2(a)(2) of the guidelines sets a base offense level of 22 for violations of 18 U.S.C. § 2252A(a)(2). However, § 2G2.2 cross references § 2G2.1, which sets a base offense level of 32, "[i]f the offense involved causing . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." U.S.S.G. § 2G2.2(c)(1). Because Schlemme caused a minor to produce visual depictions of herself engaging in sexually explicit conduct, the PSR applied the cross reference, which resulted in a base offense level of 32. The district court adopted the PSR and its guidelines calculation over Schlemme's objection.

Schlemme argues on appeal that the district court erred in applying a base offense level of 32 pursuant to the cross reference to § 2G2.1 instead of applying a base offense level of 22 pursuant to § 2G2.2(a)(2). However, Schlemme's plea agreement explicitly states that "the parties agree that . . . the cross reference to [U.S.S.G.] § 2G2.1 applies, pursuant to [U.S.S.G.] § 2G2.2(c)(1), and the appropriate base offense level is 32." The plea agreement is binding on Schlemme. *See United States v. Ritchison*, 887 F.3d 365, 368 (8th Cir. 2018) ("A plea agreement . . . is binding on both the government and the defendant . . . ."). Because Schlemme

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

is bound by his agreement which sets the base offense level at 32, we need not address the merits of his challenge.

We next turn to Schlemme's contention that his sentence was substantively unreasonable, which we review under a deferential abuse of discretion standard. *See United States v. Mims*, 122 F.4th 1021, 1034 (8th Cir. 2024). A district court abuses its discretion when it ignores a relevant factor that should have received significant weight, gives too much weight to an irrelevant or improper factor, or commits a clear error of judgment even when weighing only appropriate factors. *Id.* It is "nearly inconceivable" that a district court abuses its discretion in imposing a below-guidelines sentence. *United States v. Smith*, 39 F.4th 1012, 1017 (8th Cir. 2022).

The district court carefully considered the 18 U.S.C. § 3553(a) factors—including aggravating factors such as the length of time that Schlemme was committing the offenses and mitigating factors such as his acceptance of responsibility—in imposing a below-guidelines sentence. Schlemme does not argue that the district court improperly weighed the § 3553(a) factors. His only contention boils down to a policy argument about the tendency of child pornography offenders to receive higher than necessary sentences under the guidelines, in contravention of § 3553(a). However, such policy arguments do not establish that a district court abused its discretion nor that the sentence is substantively unreasonable. *See United States v. Battiest*, 553 F.3d 1132, 1137 (8th Cir. 2009) ("[E]ven if there were merit to [defendant's] argument that child pornography sentences are unduly harsh . . . we still would not hold the district court abused its discretion by rejecting [defendant's] claim."). Because Schlemme does not demonstrate that the district court abused its discretion, we decline to disturb his sentence.

Affirmed.

_____