# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————————

No. 10-3856

—————————

United States of America,     *

        Appellee,     *

      v.     *

Juan Manuel Maldonado, also known
as Jr., also known as Rafael Luna,     *

        Appellant.     *

    *   Appeal from the United States
    *   District Court for the
    *   District of Minnesota.

    *   [UNPUBLISHED]

—————————

Submitted: June 16, 2011
Filed: July 29, 2011

—————————

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

—————————

PER CURIAM.

On July 20, 2010, Juan Maldonado pled guilty to one count of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, 500 grams or more of methamphetamine, 100 kilograms or more of marijuana, and 1,000 tablets (250 grams) of MDMA, or "ecstasy," all in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846. At sentencing, the district court[1] calculated an advisory sentencing guidelines range of 135 to 168 months'

---

[1] The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

imprisonment, based on a total offense level of 33 and a criminal history category of I. Maldonado was sentenced to a term of 135 months, from which he now appeals.

When reviewing a defendant's sentence, we first must "ensure that the district court committed no significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We review the district court's construction and application of the sentencing guidelines *de novo* and its factual findings for clear error. *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009).

Maldonado first argues that the district court erred when it denied his request for a two-level minor-role reduction under U.S.S.G. § 3B1.2(b). Section 3B1.2(b) provides that if the defendant was "a minor participant in any criminal activity," the district court may decrease the offense level by two. This adjustment "applies to a defendant . . . who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2 cmt. n.5. However, "merely showing the defendant was less culpable than other participants is not enough to entitle the defendant to the adjustment if the defendant was 'deeply involved' in the offense." *United States v. Bradley*, --- F.3d ----, 2011 WL 2683177, at *7 (8th Cir. July 12, 2011) (quoting *United States v. Bush*, 352 F.3d 1177, 1182 (8th Cir. 2003)). According to the unobjected-to factual allegations contained in the presentence investigation report—which the district court may accept as true for sentencing purposes, *United States v. Davis*, 583 F.3d 1081, 1095 (8th Cir. 2009)—Maldonado "assisted [the ringleader] in the shipment, storage, and distribution of controlled substances," participated in several controlled buys, had a role in the delivering or storing of money, and was "accountable for the distribution of in excess of 15 kilograms of methamphetamine and quantities of cocaine, marijuana, and Ecstasy." Based on this evidence, the district court did not err in concluding that Maldonado did not warrant a minor-role reduction. *See United States v. Carpenter*, 487 F.3d 623, 626

(8th Cir. 2007) (holding that where the defendant "distributed three pounds of methamphetamine during the conspiracy" a minor-role reduction was unwarranted).

Second, Maldonado argues that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Mees*, 640 F.3d 849, 856 (8th Cir. 2011). "[A]n abuse of discretion occurs 'where the sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Bryant*, 606 F.3d 912, 921 (8th Cir. 2010) (quoting *United States v. Moore*, 565 F.3d 435, 438 (8th Cir. 2009)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). Maldonado argues that the district court gave too little weight to his scant criminal history. On appeal, we presume sentences within the advisory guidelines range to be reasonable, *United States v. Sandoval-Sianuqui*, 632 F.3d 438, 444 (8th Cir. 2011), however, and Maldonado concedes that "the presumption of reasonableness . . . is a burden that [he] probably cannot overcome." We agree. Maldonado's criminal history yielded the lowest criminal history category available and, among other factors, qualified him for safety-valve relief, which reduced his offense level by two. *See* §§ 2D1.1(b)(11), 5C1.2. Maldonado has not shown that the district court abused its discretion by declining to accord his criminal history even greater weight. Thus, we conclude that the bottom-of-the-guidelines sentence was not substantively unreasonable.

We affirm.

_____