# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1505

_____

United States of America

*Plaintiff - Appellee*

v.

Benjaman Shelabarger, also known as Benjamin Shelabarger

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 11, 2014
Filed: October 21, 2014

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Benjaman Shelabarger was convicted by a jury of receipt of visual depictions of minors engaging in sexually explicit conduct. The district court[1] imposed a sentence of 210 months' imprisonment. Shelabarger appeals, arguing that the

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

evidence was insufficient to support his conviction, that his sentence violates the Eighth Amendment, and that the district court incorrectly calculated his offense level under the United States Sentencing Guidelines (U.S.S.G. or Guidelines). We affirm.

I.

On January 2, 2013, Immigration and Customs Enforcement Special Agent Aaron Simon downloaded and identified child pornography being shared through a file-sharing program from an IP address in the area of Waukee, Iowa. Simon and his team obtained a warrant and searched the home associated with the IP address. Shelabarger lived at the home with his half sister Angela Fyler, her mother, and his nephew N.F. After a forensic preview, Simon and his team seized several computers and data storage devices that they suspected might contain child pornography. One of the devices seized was one of Shelabarger's laptops. Simon testified that when he interviewed Shelabarger, Shelabarger admitted to being the sole user of the laptop, to having an intermediate understanding of computers and a familiarity with file-sharing programs, and to using the ARES file-sharing program. Forensic analysis of the laptop revealed several files containing child pornography. Some time after the initial search warrant was executed, Fyler contacted Simon about SD cards she and her mother had found inside a box of matches retrieved from Shelabarger's room. Fyler testified that she had given Shelabarger the matchbox as a Christmas gift. Forensic analysis revealed that the SD cards contained numerous images and videos that constituted child pornography, as well as link files showing that child pornography on the cards had been viewed on Shelabarger's laptop.

Evidence at trial indicated that four months before the search warrant was executed, Shelabarger had found pornography on the family's shared computer. The forensic preview, however, did not reveal any traces of child pornography on that computer, and Fyler testified at trial that although they had confronted N.F. about pornography found on the main computer, they had found only adult and animated

pornography. The government also presented evidence that many of the files containing child pornography had time stamps that corresponded with times when N.F. was in school. Shelabarger testified that Simon had put a gun in his face when he and his team searched the home, that they had used coercive or hostile interrogation tactics, that his laptop was unusable, and that he had never downloaded child pornography.

The jury found Shelabarger guilty of one count of receipt of visual depictions of minors engaging in sexually explicit conduct and one count of possession of child pornography. To avoid double-jeopardy issues, the government dismissed the charge of possession of child pornography. The district court concluded at sentencing that a preponderance of evidence supported application of a 2-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) for distributing child pornography via the file-sharing program. After applying a 2-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, the district court imposed the above-described sentence of 210 months' imprisonment.

II.

Shelabarger argues that the evidence presented at trial was insufficient to support his conviction. We disagree.

When reviewing the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the prosecution. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). We will reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008). We typically do not review questions involving the credibility of witnesses because such questions are within the jury's province. United States v. Hill, 249 F.3d 707, 714 (8th Cir. 2001).

Shelabarger was convicted of violating 18 U.S.C. § 2252(a)(2), which makes it a crime to "knowingly receive[], or distribute[]" child pornography. Shelabarger argues that the government did not establish that he was the person who knowingly received or distributed the child pornography at issue. The government, however, presented ample evidence—both forensic and testimonial—to support the jury's finding that Shelabarger was the person who had received or distributed the child pornography. Shelabarger was the owner of the laptop that forensics revealed contained several files constituting child pornography. Link files on the SD cards found in a matchbox in Shelabarger's room showed that some of the child pornography on the files had been viewed on Shelabarger's laptop. Both Fyler and her mother testified that the matchbox was Shelabarger's. Although Shelabarger presented a different version of the story—implying that N.F. or a previous owner of the laptop was responsible for the files—the jury was entitled to make credibility determinations and reject his theory of the case. See United States v. Manning, 738 F.3d 937, 945 (8th Cir. 2014) (holding that the jury was free to reject a defendant's theory that he was not the one responsible for the child pornography). We conclude that there was sufficient evidence to support Shelabarger's conviction.

III.

Shelabarger asserts that his sentence violates the Eighth Amendment. We disagree.

We review Eighth Amendment challenges *de novo*. United States v. Vanhorn, 740 F.3d 1166, 1169 (8th Cir. 2014). Determining whether a sentence for a term of years violates the Eighth Amendment involves two steps. First, the court compares the gravity of the offense to the harshness of the penalty, considering the defendant's culpability and the harm or threat of harm to the victim or to society. See Henderson v. Norris, 258 F.3d 706, 709 (8th Cir. 2001). Only if this threshold inquiry leads to the inference that the sentence is grossly disproportionate to the crime committed will

-4-

the court proceed to the second step: an inter- and intra-jurisdictional analysis. See id. at 712. "A sentence within the statutory limits is generally not subject to [Eighth Amendment] review." See United States v. Atteberry, 447 F.3d 562, 565 (8th Cir. 2006) (alteration in original) (quoting United States v. Boone, 869 F.2d 1089, 1092-93 (8th Cir. 1989)).

Shelabarger's sentence is not grossly disproportionate to the gravity of his offense. Shelabarger's offense was a serious crime that harmed many victims. See United States v. Weis, 487 F.3d 1148, 1153 (8th Cir. 2007) (describing the harms resulting from the consumption of child pornography). As set forth in the Presentence Report, Shelabarger possessed 171 videos and 852 images containing child pornography, including files that depicted minors under the age of twelve or that were of a violent, sadistic, or masochistic nature. When compared with the gravity of the crime, Shelabarger's 210-month term of imprisonment does not violate the Eighth Amendment.

IV.

Shelabarger argues that the district court calculated his sentencing range incorrectly. We review a district court's findings of fact for clear error and examine its interpretation and application of the Guidelines *de novo*. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). The government bears the burden of proving the applicability of an enhancement to the offense level, but the defendant bears the burden of proving the applicability of a reduction to the offense level. United States v. Dinges, 917 F.2d 1133, 1135 (8th Cir. 1990) (citing United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989)).

Shelabarger contends that he is entitled to a 2-level reduction in his offense level pursuant to U.S.S.G. § 2G2.2(b)(1). This 2-level reduction is applicable when (1) the base offense level was determined to be 22 under § 2G2.2(a)(2), (2) "the

defendant's conduct was limited to the receipt or solicitation of" child pornography, and (3) "the defendant did not intend to traffic in, or distribute, such material[.]" U.S.S.G. § 2G2.2(b)(1).

Shelabarger essentially contends that any individual convicted of receipt of child pornography who has a base offense level of 22 and who does not "intend" to traffic or distribute the unlawful material is entitled to the 2-level reduction. Shelabarger's reading ignores the second requirement for the reduction. To qualify for the 2-level reduction, a defendant's conduct must have been "limited to the receipt or solicitation of" the material. See United States v. Ray, 704 F.3d 1307, 1313 (10th Cir. 2013) ("The requirements . . . are conjunctive."); see also United States v. Fore, 507 F.3d 412, 415-16 (6th Cir. 2007). The district court applied a distribution enhancement under § 2G2.2(b)(3), so Shelabarger's conduct could not have been "limited to the receipt or solicitation of" child pornography.[2] See United States v. Baker, 742 F.3d 618, 623-24 (5th Cir. 2014); Ray, 704 F.3d at 1313-14. Since Shelabarger does not dispute the applicability of the distribution enhancement—and since there was ample evidence to support application of the enhancement for distribution of the files containing child pornography—Shelabarger is not entitled to the 2-level reduction under § 2G2.2(b)(1).

---

[2]Shelabarger points to the Sentencing Commission's "Reason for Amendment" (RFA), which states that "individuals convicted of receipt of child pornography with no intent to traffic or distribute the material essentially will have an adjusted offense level of level 20, as opposed to . . . level 22 . . . prior to application of any other specific offense characteristics." U.S.S.G. Manual app. C, amend. 664 (2011). To the extent that it glosses over the second requirement of § 2G2.2(b)(1), however, the RFA cannot override the operative language of the Guidelines provision. See Ray, 704 F.3d at 1314.

Shelabarger also challenges the district court's decision to apply a 2-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, which directs courts to increase the offense level by 2 if:

(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]

U.S.S.G. § 3C1.1. To apply the § 3C1.1 enhancement based on a defendant's false statements under oath, the district court must decide by a preponderance of evidence whether the defendant committed perjury and must make independent findings to establish willful impediment or obstruction of justice. United States v. Petrovic, 701 F.3d 849, 859 (8th Cir. 2012). "'A witness testifying under oath' commits perjury when he 'gives false testimony concerning a material matter with the willful intent to provide false testimony.'" Id. (quoting United States v. Dunnigan, 507 U.S. 87, 94 (1993)).

The district court did not err by imposing a 2-level enhancement under § 3C1.1. The court independently concluded that a preponderance of evidence supported its finding that Shelabarger testified falsely and willfully under oath. The court found that Shelabarger testified falsely about downloading child pornography, about the functionality of his laptop computer, and about the circumstances of his interrogation. Shelabarger's testimony on these subjects was inconsistent with the forensic evidence and other witnesses' testimony.[3] At least some of this false testimony concerned

_____

[3]Although the forensic evidence did suggest that the laptop's internet capability might not have been working, the forensic and testimonial evidence contradicted Shelabarger's claim that the laptop was almost completely inoperable.

matters sufficiently material to constitute perjury. In light of the deference due to the district court's factual findings and the substantial quantity of evidence contradicting the statements Shelabarger made under oath, the district court did not err in applying the 2-level enhancement for obstruction of justice.

The judgment is affirmed.

_____