# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1343

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy DeFoggi

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 13, 2017
Filed: January 5, 2018
[Published]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

A jury convicted Timothy DeFoggi on multiple child-pornography related offenses. He was sentenced on five counts: four counts of accessing with intent to view child pornography, and one count of engaging in a child exploitation enterprise.

The district court[1] sentenced DeFoggi to 240 months for the accessing counts and 300 months for the exploitation enterprise count, with the sentences to run concurrently. On appeal, this court affirmed DeFoggi's convictions for accessing child pornography but reversed his conviction for engaging in a child exploitation enterprise. See United States v. DeFoggi, 839 F.3d 701, 709–11, 713 (8th Cir. 2016). We remanded for resentencing. Id. at 713–14.

At resentencing, the district court imposed a 75-month sentence for each of the four affirmed convictions and ordered that those terms run consecutively, resulting in a total term of 300 months. DeFoggi appeals, arguing that the sentence was cruel and unusual in violation of the Eighth Amendment, that imposition of the same sentence after reversal of the child-exploitation-enterprise conviction violated due process, and that the district court abused its discretion in weighing the sentencing factors.

We review DeFoggi's constitutional challenges de novo. United States v. Shelabarger, 770 F.3d 714, 717 (8th Cir. 2014); United States v. Lee, 625 F.3d 1030, 1034 (8th Cir. 2010). We review the substantive reasonableness of the sentence for an abuse of discretion. United States v. Manning, 738 F.3d 937, 947 (8th Cir. 2014).

A sentence is cruel and unusual when it is "grossly disproportionate to the crime committed." United States v. Weis, 487 F.3d 1148, 1153 (8th Cir. 2007). Disproportionality is judged using a two-step framework. In the first step, the court "compares the gravity of the offense to the harshness of the penalty, considering the defendant's culpability and the harm or threat of harm to the victim or to society." Shelabarger, 770 F.3d at 717. If analysis of the first step raises an "inference that the sentence is grossly disproportionate to the crime committed," the court proceeds to

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

the second step and compares the sentence to others for similar conduct both within and outside the sentencing jurisdiction. Id.

Our analysis stops at the first step. The full weight of DeFoggi's crimes is recounted in our earlier opinion. See DeFoggi, 839 F.3d at 704, 711–12. In short, DeFoggi was a frequent user of the child pornography website known as PedoBook, which was located on the Tor network. Id. at 704, 711. "The Tor network is designed to keep a user's identity anonymous by requiring special software that obscures a user's physical location," making it more difficult to detect the user's activity. Id. at 704. DeFoggi "exchanged numerous private messages with other PedoBook members expressing, among other things, an interest in the rape and murder of infants and toddlers." Id. He also "asked other members of PedoBook where he could find certain videos and whether they had or could produce images for him." Id. at 712. The district court expressly found that DeFoggi "focused on obtaining the most violent pornography possible directed against the youngest children." The sentence imposed is undoubtedly long. But taking into consideration the gravity of the offense conduct and its harm to the victims and society, as the jury found at trial and the district court found at sentencing, we cannot conclude that a 300-month sentence raises an inference of gross disproportionality. Therefore, we reject DeFoggi's Eighth Amendment claim.

We next consider whether the district court's sentence violated due process. DeFoggi argues that the district court should not have considered his participation in PedoBook chats because this court "expressly found insufficient evidence to support that DeFoggi acted in concert with others in furthering a child exploitation enterprise." In his first appeal, we reversed DeFoggi's conviction on the exploitation enterprise count because the government failed to prove that DeFoggi committed the predicate offenses of accessing child pornography *in concert with* three or more people. Id. at 709–11. We did not conclude that DeFoggi had not accessed child pornography, and the district court gave no indication that it relied on a finding that

he had acted "in concert with" others when resentencing him. DeFoggi also argues that the district court's sentence was vindictive. However, this court has explained "that no presumption of vindictiveness arises" when the "total sentence imposed on remand is no greater than the total original sentence." United States v. Evans, 314 F.3d 329, 334 (8th Cir. 2002). That is what happened here, and DeFoggi cites no other evidence that the district court's sentence was punishment for the partial reversal on his first appeal. DeFoggi's sentence did not violate due process.

Finally, we consider whether the district court abused its discretion and imposed a substantively unreasonable sentence. DeFoggi argues that the district court gave too much weight to his "fantasy messages" to other PedoBook users, his use of the Tor network to mask his identity while accessing child pornography, and the victimization of children depicted in child pornography. The district court weighed the relevant factors, and concluded that the "overriding factor" was protection of society. See 18 U.S.C. § 3553(a)(2)(C). The court further explained that DeFoggi "pose[s] a very serious threat to society, particularly the youngest, most vulnerable members of society." A district court has "wide latitude to weigh the § 3553(a) factors" and to "assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). Under the circumstances of this case, we cannot say the district court abused its discretion or imposed a substantively unreasonable sentence.

The judgment of the district court is affirmed.
_____