# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3158

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Scruggs

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: October 10, 2019
Filed: November 22, 2019

_____

Before LOKEN, GRUENDER, and KOBES, Circuit Judges.

_____

PER CURIAM.

Christopher Scruggs pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and the district court[1] sentenced him to

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

concurrent terms of 151 months in prison, at the bottom of the advisory Guidelines range, and five years of supervised release. The district court also ordered Scruggs to pay restitution of $21,500. On appeal, Scruggs argues in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), and in a pro se supplemental brief, that the district court committed plain error in its application of an enhancement for Scruggs's knowing distribution of the material at issue, and abused its discretion by imposing an unreasonable sentence. The Anders brief also raises a challenge to a portion of the restitution order. In addition, the parties have furnished supplemental briefs at this court's request addressing application of the knowing-distribution enhancement under U.S.S.G. § 2G2.2(b)(3)(F), as modified in 2016 by Amendment 801, and relatedly whether the failure to consider an offense-level reduction under U.S.S.G. § 2G2.2(b)(1) constituted plain error.

After careful review of the record, we conclude it was not plain error for the district court to impose the two-level enhancement under section 2G2.2(b)(3)(F) for Scruggs "knowingly engag[ing] in distribution" of child pornography given that Scruggs left dozens of child pornography "depictions" in a shared folder of his file-sharing software that were available on three different days over a seventeen-day span, acknowledged that he understood how his file-sharing software worked, and demonstrated that he generally had a measure of proficiency in using computers and the internet. See United States v. Smith, 910 F.3d 1047, 1056 (8th Cir. 2018) (upholding application of enhancement to sophisticated computer user who knew file-sharing program automatically shared images saved to shared folder, and who had substantial number of child pornography files in shared folder despite use of program designed to shred files); United States v. Kirlin, 859 F.3d 539, 543 (8th Cir. 2017) (reviewing for plain error Guidelines issue raised for first time on appeal).

It was also not plain error for the district court to decline to apply the two-level reduction under section 2G2.2(b)(1) because, regardless of Scruggs's intent, it is undisputed that his conduct was not "limited to the receipt or solicitation" of child

pornography where an investigator was able to download child pornography from Scruggs's computer via file-sharing software. See, e.g., United States v. Abbring, 788 F.3d 565, 568 (6th Cir. 2015) (concluding that "transfer or sharing," "even without regard to knowledge," precludes application of this two-level reduction); see also United States v. Shelabarger, 770 F.3d 714, 718 (8th Cir. 2014) (holding that the defendant was not entitled to this two-level reduction where he had received a distribution enhancement that was supported by "ample evidence").

The district court also did not abuse its discretion in ordering Scruggs to pay one of the victims $3,000 in restitution, which was reduced from the roughly $8,200 suggested by the "1/n method," which takes into consideration the number of defendants who have been ordered to pay restitution to the victim. See United States v. Bordman, 895 F.3d 1048, 1056-59 (8th Cir. 2018) (affirming a $3,000 restitutionary award), cert. denied, 139 S. Ct. 1618 (2019). Finally, Scruggs's sentence was not substantively unreasonable. See, e.g., United States v. Maldonado, 421 F. App'x 667, 668 (8th Cir. 2011) (unpublished) (per curiam) (concluding that a "bottom-of-the-guidelines sentence was not substantively unreasonable" over defendant's assertion that his "scant criminal history" warranted a lower sentence); United States v. Sanchez, 508 F. 3d 456, 459-60 (8th Cir. 2007) (upholding sentence at the bottom of the Guidelines and noting that Guidelines accounted for defendant's lack of criminal history).

The judgment of the district court is affirmed.

_____