DLD-211                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1076
_____

TIMOTHY R. DEFOGGI,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-19-cv-13666)
District Judge:  Honorable Noel L. Hillman
_____

Submitted on Appellee's Motion for Summary Affirmance and for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 18, 2020

Before: RESTREPO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 2, 2020)
_____

OPINION*
_____

PER CURIAM

    Timothy Defoggi appeals from the denial of his petition for a writ of habeas

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

corpus under 28 U.S.C. § 2241. We will grant appellee's motion for summary affirmance and affirm. See 3d Cir. L.A.R. 27.4 (2010); 3d Cir. I.O.P. 10.6.

I.

In 2015, Defoggi was convicted of various crimes related to child pornography in the United States District Court for the District of Nebraska. The Eighth Circuit Court of Appeals affirmed most of his convictions but vacated one of them and remanded for resentencing. See United States v. Defoggi, 839 F.3d 701, 713-14 (8th Cir. 2016). On remand, the District Court sentenced Defoggi to 25 years in prison. The Eighth Circuit then affirmed. See United States v. Defoggi, 878 F.3d 1102, 1106 (8th Cir. 2018) (per curiam), cert. denied, 138 S. Ct. 2643 (2018).

Defoggi later filed with a sentencing court a motion for relief from his sentence under 28 U.S.C. § 2255. His sentencing court denied it on the merits, see United States v. Defoggi, No. 8-13-cr-105, 2018 WL 4354951, at *6 (D. Ned. Sept. 11, 2018), and the Eighth Circuit denied a certificate of appealability ("COA"), see United States v. Defoggi, No. 18-3172 (8th Cir. May 9, 2019).

About a month later, Defoggi filed in the district of his confinement the § 2241 habeas petition at issue here. In that petition, Defoggi reasserted his § 2255 claims and sought further review of the denial of those claims and the denial of a COA. He did not rely on any new facts or new law. On the Government's motion, the District Court dismissed Defoggi's petition for lack of jurisdiction on the ground that he could not proceed with his claims under § 2241.

Defoggi appeals.  Defoggi does not require a COA to appeal from the dismissal of his § 2241 petition, see Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017), so we have jurisdiction under 28 U.S.C. § 1291, see id. at 183.  The Government has filed a motion for summary affirmance, which Defoggi opposes.

II.

We will grant the Government's motion and affirm for the reasons explained by the District Court.  In brief, federal prisoners typically may collaterally challenge their convictions and sentences only in their sentencing court under § 2255.  See id. at 174.  Federal prisoners may do so under § 2241 instead only if the § 2255 remedy is "inadequate or ineffective."  Id. (quoting 28 U.S.C. § 2255(e)).  We have recognized that the § 2255 remedy is inadequate or ineffective in the rare situation in which a defendant has had no prior opportunity to raise a change in the law on a point of statutory construction that renders the defendant's conduct of conviction noncriminal.  See id. at 179 (discussing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)).

Defoggi does not seek to proceed under that theory.  Instead, he argues only that his § 2255 remedy is inadequate or ineffective because his sentencing court and the Eighth Circuit erred in denying § 2255 relief.  But "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief[.]"  See Cradle v. U.S. ex rel. Minor, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).  That is essentially all that Defoggi alleges in this case.

One final issue warrants discussion.  Defoggi does not appear to have sought

3

certiorari following the Eighth Circuit's denial of his request for a COA. Instead, while he still had time to seek certiorari, he filed the § 2241 petition at issue here. The District Court, in dismissing that petition, declined to transfer it to the Eighth Circuit for treatment as an application under 28 U.S.C. §§ 2244 and 2255(h) for leave to file another § 2255 motion. Defoggi does not challenge that decision and we see no basis to disturb it. We likewise conclude that it would not be in the interest of justice to transfer his petition to the United States Supreme Court for treatment as a petition for a writ of certiorari. See 28 U.S.C. § 1631. Defoggi knows how to file a certiorari petition, and he expressly addressed his petition to his court of confinement instead and expressly argued that the District Court should consider his claims anew under § 2241. The District Court properly held that it lacks jurisdiction to do so as explained above.

III.

For these reasons, we grant appellee's motion for summary affirmance and will affirm the judgment of the District Court.

4