# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3710
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Gray Eagle, also known as Daniel Grey Eagle

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Central
_____

Submitted: October 22, 2021
Filed: January 31, 2022
[Unpublished]
_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

After a three-day trial, a jury convicted Daniel Gray Eagle of: (1) conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; (2) possession with intent to distribute a mixture or substance containing a detectable amount of meth on January 22, 2018; and (3) possession with intent to distribute a mixture or substance containing a detectable amount of meth on March 1, 2018.

On appeal, Gray Eagle challenges the sufficiency of the evidence supporting his conviction, arguing the witnesses were not credible. This Court reviews "the sufficiency of the evidence to sustain a conviction de novo, viewing the evidence in the light most favorable to the jury's verdict and reversing the verdict only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Shelledy*, 961 F.3d 1014, 1019 (8th Cir. 2020), *quoting United States v. Ramos*, 852 F.3d 747, 753 (8th Cir. 2017). "A jury's credibility determinations are well-nigh unreviewable because the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony." *United States v. Trotter*, 837 F.3d 864, 868 (8th Cir. 2016), *quoting United States v. Hodge*, 594 F.3d 614, 618 (8th Cir. 2010).

After a careful review of the record, this Court concludes that the government produced sufficient evidence to support the jury's verdict. The government presented 12 witnesses at trial, including two who sold meth to Gray Eagle, three who purchased it from Gray Eagle or someone to whom he had sold it, and various police officers who discovered it in Gray Eagle's possession four times. Many witnesses corroborated one-another's testimony. "[T]he jury was entitled to make credibility determinations and reject [Gray Eagle's] theory of the case." *United States v. Shelabarger*, 770 F.3d 714, 717 (8th Cir. 2014); *see also United States v. Aldridge*, 664 F.3d 705, 715 (8th Cir. 2011) ("The jury has the sole responsibility to resolve conflicts or contradictions in testimony, and credibility determinations are resolved in favor of the verdict.").

This Court affirms Gray Eagle's conviction and sentence. *See* 8th Cir. R. 47B.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____