**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1085
_____

TIMOTHY R. DEFOGGI,
                                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:21-cv-12269)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 8, 2023

Before: HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: August 11, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Timothy R. Defoggi appeals pro se from orders of the United States District Court for the District of New Jersey denying his petition under 28 U.S.C. § 2241 and denying his motion for reconsideration. We will affirm.

In 2015, a jury in the United States District Court for the District of Nebraska found Defoggi guilty of various crimes related to child pornography. He ultimately was sentenced to 25 years in prison on four counts of knowingly accessing a means or facility of interstate commerce to view child pornography. See 18 U.S.C. § 2252A(a)(5)(B). He unsuccessfully pursued relief on direct appeal, see United States v. Defoggi, 878 F.3d 1102 (8th Cir. 2018) (per curiam), and through a motion under 28 U.S.C. § 2255.

Thereafter, in June 2021, Defoggi filed in the district where he was then confined – the United States District Court for the District of New Jersey – a pro se petition under 28 U.S.C. § 2241. (ECF 1.) He alleged that the Bureau of Prisons (BOP) "erroneously determine[d] that [his] crime of conviction rendered him ineligible for the Elderly Offender Home Detention Program [EOHDP]." (Id. at 11 of 25.) The Government filed a response in opposition to the motion (ECF 9), to which Defoggi replied. (ECF 10.)

The District Court denied the petition, holding that it "lack[ed] the authority to order the BOP to admit [Defoggi] into the EOHDP" because pre-release placement decisions are committed to the BOP's sole discretion. Defoggi v. N'Diaye, 2022 WL 16552790, at *4 (D.N.J. Oct. 31, 2022). The District Court further explained that the BOP did not arbitrarily interpret the relevant statutes or abuse its discretion because Defoggi's offenses qualified as "sex offense[s]" under the Sex Offender Registration and Notification Act ("SORNA"), thereby rendering him ineligible for the EOHDP pursuant

2

to 34 U.S.C. § 60541(g)(5)(A). Id. at *5. Defoggi filed a motion for reconsideration (ECF 16), which the District Court denied in relevant part. Defoggi v. N'Diaye, 2022 WL 17959575, at *3 (D.N.J. Dec. 23, 2022). Defoggi timely appealed. (ECF 23.)

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of a § 2241 habeas petition de novo, see Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011) (per curiam), and the denial of the motion for reconsideration for abuse of discretion, see Max's Seafood Café, ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

The EOHDP, a pilot program reauthorized as part of the First Step Act, provides that "the *Attorney General* may release some or all eligible elderly offenders and eligible terminally ill offenders from [BOP] facilities to home detention . . . ." § 60541(g)(1)(B) (emphasis added). As that language indicates, "Congress has vested the executive branch, not the judicial branch, with the power to decide which prisoners may participate in the" EOHDP. Melot v. Bergami, 970 F.3d 596, 600 (5th Cir. 2020). Therefore, to the extent that Defoggi challenges the District Court's conclusion that it lacked authority to order that he be placed in home detention under the EOHDP, the claim lacks merit. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment and the treatment programs (if any) in which he may participate." (citation and internal quotation marks omitted)).

Furthermore, assuming that Defoggi's challenge to the BOP's denial of his request for home detention under the EOHDP can be brought in a § 2241 petition, see Vasquez v.

3

Strada, 684 F.3d 431, 433-34 (3d Cir. 2012), we agree that Defoggi did not qualify for relief. Inmates are ineligible for home detention under the EOHDP if they have been convicted of a sex offense as defined by the SORNA. § 60541(g)(5)(A)(ii), (iii). SORNA's definition of "sex offense" includes "a Federal offense . . . under . . . chapter . . . 110 (other than section 2257, 2257A, or 2258) . . . of Title 18." 34 U.S.C. § 20911(5)(A)(iii). Defoggi was convicted under 18 U.S.C. § 2252A(a)(5)(B), which appears in chapter 110 of Title 18, but is not one of the three sections specifically excluded from the definition. Accordingly, he is ineligible for home detention under the EOHDP.[1]

Finally, we conclude that the District Court did not abuse its discretion in denying Defoggi's motion for reconsideration. In that motion, Defoggi argued that the District Court, in holding that he was ineligible for home detention under the EOHDP, relied on convictions that had been vacated. (ECF 16, at 1-2.) The District Court acknowledged that Defoggi's convictions for conspiracy to advertise and distribute child pornography had been vacated and granted the motion for reconsideration "to the extent necessary to correct any factual error." Defoggi, 2022 WL 17959575, at *2-3. But because the

---

[1] Defoggi's arguments to the contrary are unavailing. He asserts that he is eligible for relief because his § 2252A(a)(5)(B) conviction is not included in § 20911(7). Appellant's Br., 6. As the Government correctly notes, however, the EOHDP defines "sex offense" pursuant to § 20911(5), not pursuant to § 20911(7). Appellee's Br., 15-16. Defoggi also asserts that knowingly accessing child pornography is not included in the United States Sentencing Guidelines for sexual exploitation of a minor, nor is it criminalized in various states and countries. Appellant's Br., 11-18. But those observations, even if accurate, have no bearing on whether a conviction under § 2252A(a)(5)(B) precludes an inmate from participating in the EOHDP.

vacated convictions were not material to its denial of relief, the District Court denied the motion for reconsideration in part. Id. at *2. We agree with the District Court that, even in the absence of the convictions for conspiracy to advertise and distribute child pornography, Defoggi's "undisputed four access-with-intent-to-view convictions still exclude him from EOHDP as a matter of law." Id.

For the foregoing reasons, we will affirm the District Court's judgment.